1002

5-4120                                    411 S. W. 2d 290

Opinion delivered February 13, 1967

*Harper, Harper, Young & Durden,* for appellant.

*D. L. Grace,* for appellee.

Paul Ward, Justice. We are here called on to construe certain provisions of Ark. Stat. Ann. § 81-1313 (Repl. 1960) (a part of the Workmen's Compensation Act) relative to multiple permanent partial disabilities to the body as a whole.

*Undisputed Facts.* On February 8, 1964 Charles Dye (appellee), an employee of O. K. Processors, Inc. (appellant), received an injury to an area of his lower back. Previously, he had received somewhat similar injuries, on two occasions, while working for another employer in Oklahoma. For the first injury he was adjudged to have received a 5% permanent partial disability to the body as a whole, and for the second injury

he was similarly adjudged to have received a 20% disability. He has received full payment for these injuries.

For the injury on February 8, 1964 the Referee found that appellee had suffered a maximum disability of 15% to the body as a whole. However, he also found that appellee was not entitled to any compensation because his injury of 15% did not exceed the two previous injuries totaling 25%.

The Commission reversed the Referee and awarded appellee compensation on the basis of 10% disability to the body as a whole, holding (in essence) that the 20% injury was to a different part of his body but that the 5% injury was not. Accordingly the Commission held that the 5% injury should be deducted from the last injury of 15%. On appeal to the circuit court the Commission was affirmed.

For reasons hereafter set out we have concluded the circuit court must be affirmed.

The statute referred to previously (Section 81-1313) deals with ''The money allowance payable to an injured employee for disability . . . .'' Subsection (c) of the statute deals with ''scheduled permanent injuries''. It is agreed that the three injuries involved here are not classified as scheduled injuries. Subsection (d) deals with ''other cases'' where there is a permanent partial disability (as were these three) and says such ''shall be apportioned to the body as a whole. . . .'' Subsection (f) deals with a ''permanent disability arising from a subsequent accident'', as is the case here. Subparagraph (2) [under (b) above] applies where a subsequent injury occurs under a different employer—as is the case here. Finally, under ''ii'' of subparagraph (2) it is provided that ''the injured employee shall be paid compensation. . . .''

(In the case here there is no dispute over the amount of compensation, if any is due).

It is our opinion that appellee is covered by the provision "ii" above.

However, appellant raises another issue that must be resolved. In essence, appellant here insists that appellee is not entitled to compensation because the injury on February 8, 1967 was to the same portion of the body as was the previous 20% injuries in Oklahoma. We do not agree that this is true. We think it was a fact question for the Commission to decide.

The Commission found that the 20% permanent partial disability was to "the cervical spine which involved the neck and head". This finding is not questioned. The Commission further found that "the present disability is distinct and separate from the previous disability due to the specific locations of the injured areas. . . ." This finding is supported by Dr. Martin who testified that appellee's leg went through a hole in the wall; that he fell on his elbow; that he was injured in the area of the pelvis, and; that his leg was injured.

It is well settled by numerous decisions of this Court that we will sustain the Commission's finding of a fact question if it is supported by substantial evidence. We find there is such evidence in this instance.

It appears that the conclusion above reached is in accord with Larson's interpretation of this portion of the statute. In volume 2 of his treatise on Workmen's Compensation Law, § 59.42, he says:

"The capacities of the human being cannot be arbitrarily and finally divided and written off by percentages. The fact that a man has once received compensation as for 50% of total disability does not mean that ever after he is in the eyes of compensation law but half a man, so that he can never again receive a compensation award going beyond the other 50% of total."

Affirmed.