## James P. PRICE *v.* SERVISOFT WATER CONDITIONING Company, Employer, and HOUSTON FIRE AND CASUALTY COMPANY, Insurance Carrier

74-29                                                    510 S.W. 2d 293

### Opinion delivered June 10, 1974

*Frierson, Walker, Snellgrove & Laser,* by: *Stanley R. Langley,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* by: *David Landis,* for appellees.

CARLETON HARRIS, Chief Justice. This is a workmen's compensation case. James P. Price, claimant, contends that he sustained a compensable injury arising out of and in the course of his employment with Servisoft Water Conditioning Company on February 9 or 10, 1972. A hearing was held before the referee and it was stipulated that claimant's wages would entitle him to the maximum compensation rate. It was also stipulated that the employer-employee relationship existed on the aforementioned dates. The referee, though finding that this relationship did exist, held that Price had failed to prove by a preponderance of the evidence that his injury arose out of and in the course of his employment. On appeal to the full commission, the referee was reversed and the com-

mission found that Price had been totally and temporarily disabled from February 22, 1972, and that he should receive temporary total disability at the rate of $49.00 per week from February 22 until the commission determined that claimant's healing period had ended. From the award entered, the company appealed to the Greene County Circuit Court, and that court reversed the decision of the commission. From the judgment of reversal, Price brings this appeal. For reversal, it is simply urged that the award of the commission was supported by substantial evidence, and the Greene County Circuit Court erred in reversing the decision of that tribunal.

Price testified that he was employed by appellee in the latter part of December, 1971, or the first part of January, 1972, and was in the process of learning to take over a route "hooking up water softeners for people that were customers." Trucks would be loaded with bottles which weighed anywhere from 50 to 100 pounds. He said that in bending over to pick up a "tank" to put on the truck, a real sharp pain hit him in the lower part of his back, but that he made no complaint and continued to work during the day; that he thought the pain would subsequently subside. The witness said that on going home, he went to bed. He continued to work until February 21, at which time he went to see Dr. L. D. Shedd, a general practitioner in Paragould. He did not return to work and had his wife call the company and advise that he was unable to return to work "on account of he was going to the doctor." Price never did return, and was subsequently operated on in Memphis where a disc was removed. Price testified that he had never had any back trouble previous to the occasion heretofore mentioned. His wife testified that she remembered the occasion that her husband mentioned his back hurting because she had suggested their going to church that night for prayer meeting or visitation and he was not able. She said that though he continued to work until the 21st or 22nd, she had begged him for two weeks to go to the doctor and that he finally consented, and she called and reported that he would not be at work on the 22nd, and he had not been able to return since that time.

Dr. Shedd testified that he first saw Price on February 22, 1972, and found tightness in the paraspinous lumbar

muscles which is in the neighborhood of where the L4 - L5 vertebrae are located. He said that he gave Price two prescriptions, one for Robaxin, 750 mg. tablets, a muscle relaxing medication, and a prescription for Triaprim DC, a mild analgesic. He advised claimant to go to bed and apply heat to the low back area. The witness testified that claimant returned to his office on February 28, still complaining of low back pain and stating that his condition was no better. He was advised to continue the previously prescribed treatment. He again saw the patient on March 1, 1972, and since there had been no progress, Price was placed in the hospital on that date. Claimant remained there for one week and was discharged. At the hospital, claimant received physical therapy treatments, was given pain medication as needed, had a heat lamp applied to his back four times a day, and appeared to be better after a few days, and was allowed to walk on March 6. Dr. Shedd never saw the patient again, and it developed that, as previously stated, Price went to Memphis where he underwent surgery.[1] The doctor testified that when he was consulted on February 22, he was given a history by Price of having pain strike him in the low back as he was lifting barrels at work. The doctor testified, "Based on what he told me as being the truth, then I would have to assume that he injured his back while working since there is no other history from Mr. Price to the contrary." He added that, at the time he was looking after Price, there were no signs that there was actually a disc involvement and that his physical findings reflected muscular spasm, "which does not necessarily mean that a disc has been ruptured." In reply to a question, the doctor answered that it was true, that even with treatment by conservative methods, subsequent examinations might reveal that a disc was involved. The doctor who performed the operation did not testify.

Lyman Azbill, Manager of Servisoft Water Conditioning Company, testified that Price had never mentioned to him that he had hurt his back; that he had seen claimant daily after the 9th or 10th of February when the employee would load the trucks in the morning and unload same at night, and nothing was ever said to him. Azbill stated that Mrs. Price contacted him on February 26, picked up her husband's

---

[1]Shedd was consulted on two other occasions over the telephone on matters apparently unrelated to the back trouble.

check, and asked if he (Azbill) carried workmen's compensation, and he informed her that he did. Azbill said that she did not mention that her husband had hurt his back or had an accident, but only said that he was sick. The manager said that he himself had previously had a back operation and had a disc removed from the low back, but he did not think he ever told Mrs. Price about it.[2]

Frank Farmer, an employee of Servisoft, testified that he filled in as a substitute on the route truck during February, 1972, and that Price never mentioned to him that he had hurt his back, and made no complaint about his back; that claimant carried out his duties of loading and unloading bottles. He said that he saw claimant in his home in bed but thought that Price was suffering from the flu and there was no mention of a back ailment. Steve Azbill, son of Lyman Azbill, testified that Price rode with him on the route during part of February and that claimant never gave any indication that he had hurt his back in any manner. He stated that he observed no difference in claimant's actions after the 9th or 10th of February.

The argument of appellee that there is no substantial evidence to support the award is largely based upon the fact that Price did not mention to the persons heretofore mentioned that he had injured his back. The latter admitted that he did not mention the injury[3] to appellee's witnesses, but stated that he did not do so because he very much needed the work.

While one would think that normally a person who had been injured would immediately report such injury to his employer or fellow employees, this is certainly not a hard and fast rule. Rather, such action would seem to depend upon the individual nature of the person involved, some people being able to bear pain more than others, and, of course, a desire to continue employment for the purpose of earning wages could

---

[2]Mrs. Price had testified that Azbill had told her when she went to pick up the check he had the same thing happen to him and had surgery on his back.

[3]He did testify that he told Wally Massey, another employee of Azbill, that he had hurt his back, but this was during the same period of time that he went to the doctor. He also said that he told Farmer that he had hurt his back when Farmer made the visit, previously mentioned, to his home.

be a factor bearing upon this behavior. At any rate, it is not disputed that surgery was performed and a disc removed. Of course, as has been so frequently stated, this court is not concerned with the weight of the evidence or credibility of witnesses, but only with whether there was any substantial evidence to support the commission. *Reynolds Metals Company v. Robbins,* 231 Ark. 158, 328 S.W.2d 489. In *Kivett* v. *Redmond Company,* 234 Ark. 855, 355 S.W.2d 172, we said that the question presented was one of credibility, and, thus, a matter within the exclusive province of the commission, and in *Brower Mfg. Co., et al* v. *Willis, et al,* 252 Ark. 755, 480 S.W.2d 950 (1972), this court stated:

> "The commission made a fact finding upon a close question of fact by resolving all inferences against appellants and by giving the evidence the most liberal construction possible in favor of the claimant. The question is not whether the testimony would have supported a finding contrary to the one made, but whether it is substantial in support of the one made. Since we cannot say that reasonable minds could not reach the commission's conclusion from the evidence, that evidence was substantial."

Here, too, we cannot say that reasonable minds could not reach the conclusion from the evidence that was reached by the commission, and it follows that the judgment of the Greene County Circuit Court should be, and hereby is, reversed, with directions to reinstate the award granted by the commission.

It is so ordered.