Wayne R. FOSTER, et ux, d/b/a
BIG CHAIN LIQUOR STORE
*v*. William JOHNSON

78-159                                           576 S.W. 2d 187

Opinion delivered January 22, 1979
In Banc)
[Rehearing denied February 19, 1979.]

*Wayne R. Foster*, for appellants.

*Phillip H. McMath, P.A.*, for appellee.

DARRELL HICKMAN, Justice. This is an appeal of a Workers' Compensation case. The administrative law judge found that William Johnson, the appellee, had suffered a compensable injury; the full Commission and the circuit court agreed.

We agree with the appellants' first allegation of error, that the appellee failed to prove a compensable injury arising out of the appellee's employment, and reverse the judgment.

The facts are essentially undisputed. William Johnson, the claimant and appellee, was employed as the night clerk, or manager, of the Big Chain Liquor Store located at 13th and Locust Streets in North Little Rock, Arkansas. The store is owned by Wayne Foster and Winifred Foster, the appellants. Johnson, who is fifty-five, locked the store at midnight on the night of September 17, 1976, and walked across the street to his car which was parked on a lot owned by the appellants. Two young men, hiding behind Johnson's car, stood up as he started to open the car door and shot him twice.

Johnson testified that he was told by Mrs. Foster to park his car on the Foster property across the street. He explained that this was so the car could be watched. Johnson said that all of the employees parked on the lot owned by the Fosters.

The assault was unexplained, and the assailants were never identified. There were no words spoken to Johnson by his assailants. There was no evidence of any attempt made to rob Johnson. Johnson had finished his duties as an employee, locked the store, and crossed a street at the time of the incident. He had no assets of his employer in his possession. Before he left the store he had hidden the cash receipts of the store in a back room as he had been instructed.

According to the evidence, this particular liquor store had been robbed twice in a fifty-year period. A North Little Rock policeman, with twenty years experience, testified that this store was slightly less hazardous than most because it was well-lighted and in a good neighborhood. He went on to testify that, generally, employees of a liquor store are subject to an inherent risk to some degree.

The Commission came to the conclusion that Johnson was entitled to compensation.

First, the Commission emphasized that the parking lot across the street was owned by the appellants and the employees of the liquor store were encouraged to park there. Second, the Commission recognized a theory of law regarding assaults which are of a "neutral origin." That is, assaults which are not connected directly with the employment nor inherently of a private nature, but somewhere in between, are of a "neutral origin." The Commission in this regard quoted Larson on *Workmen's Compensation* as follows:

> In Larson: *Workmen's Compensation* (Desk Edition) at Section 11.30, Professor Larson discusses assaults of a "neutral origin." Neutral assaults are distinguished from those which have some inherent connection with the employment and those that are inherently private. Courts have more difficulty with finding neutral assaults compensable or not compensable as opposed to the other two categories. He recognizes a sort of "but for" rule; the general principle is that the injury would not have occurred except for the obligations of the employment.

Finally, the Commission pointed out that there was evidence to support the conclusion "that liquor stores and filling stations are susceptible to robberies, and employees who work in such places are subjected to an inherent risk to some degree."

On review we look to see if there is substantial evidence to support the findings of the Commission. *Reynolds Metal Co. v. Robbins,* 231 Ark. 158, 328 S.W. 2d 489 (1959). We resolve all inferences against the employer and give the evidence the most liberal construction possible in favor of the claimant. *Price* v. *Servisoft Water, et al,* 256 Ark. 702, 510 S.W. 2d 293 (1974).

In this case we cannot find substantial evidence to support the Commission's conclusion that, ". . . without evidence to the contrary, . . . this assault was related in some nature to the claimant's employment."

It was the duty of the claimant to prove that the injury not only arose during the course of his employment but also arose out of his employment. Ark. Stat. Ann. § 81-1305 (Repl. 1976). That is, his injury grew out of, or resulted from his employment. *Duke* v. *Pekin Wood Products Co.,* 223 Ark. 182, 264 S.w. 2d 834 (1954). There is no substantial evidence in this record that proves the injury had any connection with the employment. If the assault was connected with Johnson's employment, such a fact must be assumed. The incident occurred off the premises, and there is no evidence that it was connected with Johnson's employment. If robbery of Johnson, either as an individual or as an employee, was intended, there is no evidence of it. The motive could have been revenge for all the record shows. Any such conclusions must be assumed because they are not supported by substantial evidence. The assault simply remains unexplained and unconnected with Johnson's employment.

We find that the Commission's conclusion was more speculative than based upon evidence. Consequently, we reverse the judgment of the circuit court and the findings of the Commission.

Reversed and dismissed.

HARRIS, C.J. and HOLT, J., dissent.

CARLETON HARRIS, Chief Justice, dissenting. I recognize that this is a very close case, but since compensation cases are liberally construed in favor of a claimant, I feel that the award should be affirmed. One of the strongest facts in Johnson's favor is that the manager of the liquor store had directed that employees park at a particular lot directly across the street from the store (apparently owned by the appellant) and claimant and other employees had complied with this directive and parked their cars in this location as directed by Mr. Foster, the store manager. In *Davis* v. *Chemical Construction Co.,* 232 Ark. 50, 334 S.W. 2d 697, a set of facts reflected that an employee had gotten into a vehicle in order to leave the employer's premises, but did not reach the outer gate which joined a street, before being injured. Though the point at issue was not the same as presently before us, I think language used by the court in that case is pertinent to the instant litigation, as follows:

> By this qualification of the coming and going rule it is recognized that an employee is entitled to a reasonable time to leave his employer's premises and that an injury suffered within that interval may arise out of and in the course of the employment. *The principle has often been applied in cases involving a parking lot maintained by the employer;* [my emphasis] the cases are collected in Schneider on Workmen's Compensation (Permanent Ed.), § 1719.

Likewise, in *Beckerman* v. *Owosso Manufacturing Co.,* 233 Ark. 973, 350 S.W. 2d 321, this court stated:

> The touchstone is * * * was he performing any duty in connection with his employment, or was he at the point of the accident at his employer's direction, *or using facilities supplied by the employer.* [My emphasis.]

Let it be remembered that Johnson was employed as a night clerk in a liquor store operation in the City of North

Little Rock, waiting on nighttime customers and caring for the cash receipts of the store, performing stocking duties, and closing the door at quitting time. The store was closed at midnight, and Johnson was walking to his car which was parked in the area as directed by the store manager. In fact, he was shot down on the parking lot near his car. 1 Larson, *The Law of Workmen's Compensation*, § 11.11(a), states the general rule to be:

> Since every jurisdiction now accepts, at the minimum, the principle that a harm is compensable if its risk is increased by the employment, the clearest ground of compensability in the assault category is a showing that the probability of assault was augmented either because of the particular character of claimant's job or because of the special liability to assault associated with the environment in which he must work.

In this day and age, we need no great amount of evidence to know that employment at a liquor store (especially at night) is a particularly hazardous occupation subjecting one to the risk of serious injury or death.

In 1 Larson, The Law of Workmen's Compensation, § 11.31, it is stated:

> Wilful assaults upon the claimant, like injuries generally, can be divided into three categories: those that have some inherent connection with the employment, those that are inherently private, and those that are neither, and may therefore be called "neutral."

Since this assault is essentially unexplained, it would appear to fall within the "neutral" category. Larson points out in § 11.31:

> The third, or neutral, category comprises those assaults which are in essence equivalent to blind or irrational forces, such as attacks by lunatics, drunks, small children, and other irresponsibles; completely unexplained assaults; and assaults by mistake. A *minority* [my emphasis] of jurisdictions are inclined to regard the

neutral category as non-compensable, for want of affirmative proof of distinctive employment risk as the cause of the harm; but a growing majority, sometimes expressly applying the positional or but-for test, make awards for such injuries when sustained in the course of employment.

In *Westark Specialties, Inc. and Granite State Ins. Co.* v. *Lindsey,* 259 Ark. 351, 532 S.W. 2d 757, an employee was an innocent victim of a gunshot, the result of a quarrel between two other employees on the employer's parking lot. We held the claim compensable, quoting Larson, as follows:

Assaults arise out of the employment either *if the risk of assault is increased by the nature of setting of the work* [my emphasis] or if the reason for the assault was a quarrel having its origin in work.

It is my view that when we resolve every doubt or inference in favor of the claimant, substantial evidence has been presented which entitles him to the award.

I am authorized to state that Justice Holt joins in this dissent.