Charles M. RICHARDSON *v.* Charles S. ROGERS

CA 79-49                                                588 S.W. 2d 465

Opinion delivered October 10, 1979
and released for publication October 31, 1979

*John R. Henry,* for appellant.

*Raymond R. Abramson,* for appellee.

JAMES H. PILKINTON, Judge. This is a workers' compensation case. On April 25, 1976, appellee Charles S. Rogers, a

welder, sustained an accidental injury which arose out of and in connection with his work. The nature and amount of the awards made by the Workers' Compensation Commission are not questioned on appeal. The sole issue before us is whether Charles M. Richardson, individually, is liable for the compensation benefits due claimant.

It is undisputed that Charles M. Richardson controls and operates the CMR Company, and also Fisher Supply Company, Inc.

Charles M. Richardson, individually, CMR Company and Fisher Supply Company are all uninsured for workers' compensation and have not qualified as self-insured under the provisions of Rule 5 of the Workers' Compensation Commission.

The Workers' Compensation Commission made a finding of fact that Charles M. Richardson, individually, and his two business firms are interrelated to the extent that each qualifies as an employer within the meaning of Section 2(a) of the Workers' Compensation Act [Ark. Stat. Ann. §81-1302(a) (Repl. 1976)] . Each was found to be jointly and severally liable for the awards to claimant; and in accordance with the provisions of Section 25 of the act [Ark. Stat. Ann. §81-1325 (Repl. 1976)] the order of the commission constitutes a judgment against the three, jointly and severally. Mr. Richardson appealed this finding and judgment to the Circuit Court of Poinsett County where the judgment was affirmed. He then appealed to the Arkansas Supreme Court, and the case has been assigned to the Arkansas Court of Appeals under Rule 29(3).

On appeal Mr. Richardson claims the commission erred in finding that an employer-employee relationship existed between him individually and the claimant. He argues that this finding is contrary to the evidence.

In the recent case of *Foster v. Johnson*, 264 Ark. 894, 576 S.W.2d 187 (1979), the Arkansas Supreme Court stated:

On review we look to see if there is substantial evidence to support the findings of the commission. *Reynolds Metal*

*Co.* v. *Robbins,* 231 Ark. 158, 328 S.W.2d 489 (1959). We resolve all inferences against the employer and give the evidence the most liberal construction possible in favor of the claimant. *Price* v. *Servisoft Water, et al.,* 256 Ark. 702, 510 S.W.2d 293 (1974).

Whether the relation of employer and employee exists is to be determined by the provisions of the statute and the facts and circumstances of each case. 99 C.J.S. Workmen's Compensation §64.

In the case before us, Charles M. Richardson had sold some tanks to Jonesboro Grease Extraction Company. The purchaser wanted certain materials, including steam coils, pipes and other items installed in the tanks. Business was slow and Richardson sent Red Wheatley, one of his men, to see about getting that particular work. In so doing, Mr. Richardson told Wheatley: "We're all needing to work some. We're not making any money like it is". Wheatley made the arrangements with Jonesboro Grease Extraction Company, reported to Richardson, and the job was started. Charles S. Rogers, the claimant, was then employed as a welder at $3.00 an hour. It is clear from the record that Mr. Richardson arranged the financing, furnished the vehicles and gasoline, and paid the employees. He controlled the work, and drew some money himself when he worked personally on the job and, in addition, drew 20% for furnishing his truck, gas and other equipment.

CMR Company is a firm owned, operated and controlled by Charles M. Richardson. It is not clear from the record whether Fisher Supply Company, Inc., is a division of CMR Company, or CMR is a division of Fisher Supply. In any event, Mr. Richardson controlled both of the firms. He testified:

Q. Alright, are Fisher Supply and CMR the same?

A. Yeah, uh-huh.

And at another point he replied to a question as follows:

A. . . . and I thought the insurance had us all, you know,

taken care of and everything because CMR Company and Fisher Supply and Charlie Mack Richardson, I had the idea that it was all just one big happy family.

At still another time in his testimony Mr. Richardson said:

A. We were all working together and everything. We used my automobile and everything else.

Mr. Richardson further testified he usually operated through Fisher Supply Company, Inc., but Fisher "got down to where it wasn't making any money" and was "busted right now" (referring to the time the job in question was started). He further testified that "CMR was also busted, but I could get a little money". Mr. Richardson signed a note for $2,-000.00 in order to get the Jonesboro Grease job started. In regards to who furnished the money, Mr. Richardson answered a question in the following manner:

A. Well, we used that note, I guess, to help get the salaries going and everything.

As to who paid the claimant Mr. Richardson testified:

Q. What is your position with CMR Company?

A. I am the owner of CMR Company.

Q. Is there anyone else who owns a part of CMR Company?

A. Not that I know of.

Mr. Richardson was frank in admitting that he commingled funds, and said what little money CMR made was diverted by him to Fisher Supply to pay off debts. It is clear that neither firm had any material assets.

From the above, and other testimony before us, we cannot say there was no reasonable basis for the commission to conclude that Charles M. Richardson, individually, and these two business entities are interrelated to the extent that each qualifies as an employer within the meaning of the

Workers' Compensation Act. *Franks* v. *Amoco Chemical Co.*, 253 Ark. 120, 484 S.W.2d 689 (1972). The liberal construction rule applies to factual determination of an issue of this type. *Purdy* v. *Livingston*, 262 Ark. 575, 559 S.W.2d 24 (1977). We find there is substantial evidence to sustain the decision of the commission, and it is our duty to affirm. [Ark. Stat. Ann. §81-1325(b) (Repl. 1977)] , *Ruby Turner* v. *Lambert Construction Company, et al*, 248 Ark. 333, 524 S.W.2d 465, *Purdy* v. *Livingston, supra.*

Mr. Richardson claims he ran this job through CMR Company, and that the employment of claimant was in no way connected with his regular work which was farming. He seems to argue that the employment was casual to him. We find no merit in this contention. Farming was only one of Mr. Richardson's activities. He had other extensive business interests. The work being done for Jonesboro Grease, in which claimant was engaged, was closely related to the sale of certain tanks to the Jonesboro firm. Mr. Richardson also argues that he should be protected from individual liability on this workers' compensation claim because of his two business firms. The record indicates that CMR is not a corporation. There was no evidence offered to show that Charles M. Richardson was in any manner acting within the scope of his employment with either CMR Company or Fisher Supply Company, Inc., in the employment of claimant or in the direction of his work. Instead the record shows that Mr. Richardson worked personally on the job, was fully qualified to control it, and was in actual control of claimant and work being performed.[1]

We find there was substantial evidence to support the findings of the Workers' Compensation Commission, and therefore affirm.

Affirmed.

---

[1]For a distinction between actual control and power to control see *Sandy* v. *Salter*, 260 Ark. 486 at 489, 541 S.W. 2d 929.