G. W. NALL, Employer;
ARKANSAS FARM BUREAU INSURANCE
COMPANY, Insurance Carrier
*v.* Floyd MAYNARD, Employee

CA 80-279                                    609 S.W. 2d 352
Court of Appeals of Arkansas
Opinion delivered December 23, 1980

*Barrett, Wheatley, Smith & Deacon*, by: *C. David Landis*, for appellants.

No brief for appellee.

STEELE HAYS, Judge. This workers' compensation case is appealed by the employer from an award of total disability. Appellants contend that the claimant is not totally disabled and that the Workers' Compensation Commission should have applied the second injury statute. We find the evidence sufficient to support the award and that the second injury statute is not applicable to the findings reached by the Commission.

The claimant is forty years of age and has a seventh grade education. His employment history includes work as a truck driver, mechanic and service station attendant. In 1962 and 1967 claimant sustained injuries to his back and in both instances surgery for removal of disc material was required. The 1962 injury was at the L4-L5 vertebral level on the left and a completely ruptured intervertebral disc was surgically removed. This injury produced a ten per cent permanent, partial disability. The 1967 injury required surgery at the L5-S1 interspace on the right side for the removal of herniated intervertebral disc laminates. This injury produced additional disability.

In June, 1974, while employed by appellant, G. W. Nall, as a truck driver, claimant sustained the injury from which this claim arises as he was engaged in changing a truck tire. The injury resulted in a "severely ruptured L2 intervertebral disc."

Claimant was released by his physician in January, 1975, with a rating of twenty-five per cent permanent disability and he returned to Mr. Nall's employ, where he remained until late summer. Claimant attributes his leaving to not being able to do the work. Claimant appears to have worked off and on since the summer of 1975 at various jobs similar to the work he was accustomed to.

I

The sufficiency of the evidence to support the finding of total and permanent disability can hardly be seriously challenged. Appellants reason that because claimant returned to his previous employment changing tires and perform-

ing some of the same duties there and for other employers he cannot be regarded as totally disabled. But it is rather evident from the testimony that while the claimant seems to have made the effort, he is incapable of performing regularly the duties of the type of work for which he is qualified. At least that is the import of the findings below and we are bound to resolve all inferences against the appellants and to view the evidence most favorably to the claimant. *Richardson* v. *Rogers*, 266 Ark. 980, 588 S.W. 2d 465 (Ark. App. 1979); *Price* v. *Servisoft Water*, 256 Ark. 702, 510 S.W. 2d 293 (1974). In gauging the sufficiency of the evidence in support of the findings of the Commission, the Supreme Court often says that the test is not whether there is sufficient evidence to support a contrary finding, but whether the evidence suffices to support the finding which was made. *Hollingsworth* v. *Evans*, 256 Ark. 387, 500 S.W. 2d 382 (1973).

Weighing the medical evidence in this record from Dr. John Lohstoeter dated November 28, 1977:

> I can think of no job this man could pursue that would be in any essence of the word "worthwhile" at this time. The factors keeping him from productivity are, of course, multiple. Mechanically, he is unable to ambulate any distance, he cannot drive without worsening his pain, etc. The major fact presents itself that he must spend the bulk of every day just trying to remain comfortable, and, no matter what he does, he cannot bring this to a successful conclusion. This is a sad state for a 40-year-old to endure.

against claimant's limited educational qualifications, we are thoroughly satisified that the finding of total disability by the Commission is supported by substantial evidence. Upon that belief, we must affirm the finding. *Richardson* v. *Rogers, supra Foster* v. *Johnson*, 264 Ark. 894, 576 S.W. 2d 187 (1979).

## II

Appellants insist that they are entitled to relief under the provisions of the second injury statute, Ark. Stat. Ann. § 81-1313(f)(2)(ii):

In cases of permanent disability arising from a subsequent accident where a permanent disability existed prior thereto:

(2) If an employee has a prior permanent disability not occasioned by an injury resulting while in the employ of the same employer and in whose employ he received a subsequent permanent injury, the amount of compensation for this subsequent injury shall be fixed as follows:

ii. If the subsequent injury is one that is not scheduled under section 13(c) [subsection (c) of this section], the injured employee shall be paid compensation for the healing period and for the degree of disability that would have resulted from the subsequent injury if the previous disability had not existed.

Appellants point out that the 1962, 1967 and 1974 episodes involving claimant's back are, in effect, sequential; that even the claimant recognized his own condition as involving a "bad back" prior to the 1974 injury; that this back condition was noticeable to others; and that claimant admitted being given restrictions on his physical activities as a result of his earlier injuries. It is argued that these facts bring the case squarely within the language of the second injury statute. Admittedly, these circumstances do give support to the premise that claimant's total disability is the result of a *combination* of partial disabilities. But the problem is, the Full Commission made a contrary finding. The Administrative Law Judge and the Full Commission found that claimant's total disability was the direct result of the 1974 injury, rather than being the result of the combined injuries and that determination has been held to be one of fact for the Commission. *Davis* v. *Stearns-Rogers Construction Company*, 248 Ark. 344, 451 S.W. 2d 469 (1970); *O.K. Processors, Inc.* v. *Dye*, 241 Ark. 1002, 411 S.W. 2d 290 (1967). The specific finding, though not fully abstracted, appears in the order of the Administrative Law Judge, adopted by the Commission, as follows:

Notwithstanding the fact that the claimant had residual physical impairment from the 1963 and 1967 injuries, the fact remains that not only did he appear not to be

symptomatic, but he had worked since 1967 in the workforce. At the time of his 1974 injury, he was not only working steadily but at a physically demanding job. *That evidence, together with the medical evidence, convinces this author that the claimant has been rendered totally disabled as a direct result of his June 22, 1974, episode.* (Emphasis supplied.)

Therefore, we believe that the Workers' Compensation Commission was correct in not applying the second injury statute to the specific findings of fact reached in this case. In order for the second injury statute to apply, it must be found that the previous injury (or injuries) combined with a second injury to cause the disability complained of. *Wooten* v. *Mohawk Rubber Company*, 259 Ark. 837, 536 S.W. 2d 734 (1976); *Davis* v. *Stearns-Rogers Construction Company*, 248 Ark. 344, 541 S.W. 2d 469 (1970).

Finally, it should be said that the finding of claimant's total disability is attributable to the 1974 injury alone, rather than to the injuries combined, is supported by medical evidence. The earlier injuries involved the L4-L5 interspace, whereas the 1974 injury occurred at the point of the L2 intervertebral disc. Dr. Roy Tyrer's report of March 4, 1976, discloses that he regards claimant's present condition sa "essentially unrelated" to the previous injuries.

Thus, on the findings reached, the second injury statute is not applicable and the Commission was correct in so holding.

Affirmed.