## LUTHER B. FRANKS *v.* AMOCO CHEMICAL COMPANY ET AL

5-6036                                              484 S.W. 2d 689

### Opinion delivered September 25, 1972

*McKay, Chandler & Choate,* for appellant.

*Shackleford & Shackleford,* for appellees.

FRANK HOLT, Justice. The appellant claims workmen's compensation benefits based upon an alleged spinal injury while an employee of the appellee, Amoco Chemical Company. Following a denial of the claim by the referee, the Workmen's Compensation Commission found adversely to the appellant. The circuit court affirmed the Commission's finding. For reversal of that judgment the appellant contends only there is no substantial evidence to support the Commission's finding. We must disagree.

We first observe that the burden was upon the appellant to establish his claim for compensation before the Commission and, on appeal, he must demonstrate the proof before that tribunal is so nearly undisputed that fair-minded men could not arrive at its finding. *Eubanks v. Wheeling Pipeline, Inc.,* 249 Ark. 769, 461 S.W. 2d 937 (1971). Also, the trial court and this court, upon appeal, give the evidence adduced its strongest probative force to support the Commission's finding which, like that of a jury, will be upheld if there is any substantial evidence to support the Commission's action. *Mayner v. Flyer Garment Co.,* 249 Ark. 384, 459 S.W. 2d 413 (1970), *Bentley v. Henderson,* 251 Ark. 203, 471 S.W. 2d 548 (1971).

The appellant, 64 years of age, testified that on or about August 20, 1969, he felt a sharp pain in his neck when he lifted a 90 lb. pipe on his job. He did not report the injury and about a week later he sought medical attention from Dr. Farmer. This doctor made a diagnosis of emphysema and hospitalized appellant. By agreement, appellant introduced into evidence his various medical reports. A report by Dr. Farmer dated December, 1969, and a report and bill dated January, 1970, reflect that the appellant's alleged accidental injury occurred on November 3, 1969, or about two months after the date relied upon by appellant. In a supplemental report dated March, 1970, Dr. Farmer recited that when he first saw appellant in August that he failed to get a history of the claimed injury although appellant complained of pain and numbness in his right arm with about one month's duration. He treated him on several occasions for what he "felt to be a neuritis." Dr. Callaway's report reflects that he saw appellant on September 30, 1969, or about a month after the alleged injury, and that appellant reported that he "was hit from behind about four months ago and received two 'licks' on his neck and shoulder, right." He complained of pain in his neck and right shoulder and numbness in his right hand. X-rays showed "advanced osteoarthritic changes in the cervical spine." A history of emphysema was, also, given. He diagnosed appellant's condition as a cervical disk disease. In December Dr. Callaway wrote that originally he did not get the history that appellant was "hurt on the job" and he was not being car-

ried "as a compensation case." In February, 1970, Dr. Callaway wrote that the appellant now states his back symptoms (reported to Dr. Callaway in September) were only four weeks instead of four months' duration and appellant claims he suffered the alleged industrial accident the latter part of October, 1969.

When Dr. Ruff saw appellant on November 7, 1969, appellant reported a history of injuring his back when he lifted a heavy pipe on the job in late August or the first of September. Dr. Ruff testified that appellant suffered from a typical cervical disk syndrome with pressure on the neck nerves. According to him, the injury could result from a severe strain or overexertion and that appellant's work through the years contributed to his condition and was a major factor in his present condition.

The evidence is undisputed that appellant was an 11-year employee who knew that accident reports were available and it was expected of all employees to make known an injury to the foreman and a report be filed. He had filled out some of these accident reports previously, including an injury to his finger on September 17, which was about three weeks after the presently alleged injury. He never reported to his employer that he had suffered his present injury until he filed his formal claim on November 14, 1969, which was a few days after first advising his foreman he was unable to work. He says that it was only then he realized the seriousness of his back condition. During the interim, he had missed only seven days work.

Appellant contends that the inconsistencies of the medical reports submitted by him were the fault of his doctors. The burden was upon appellant to demonstrate to the Commission the verity of this assertion and establish his claim for compensation. It was the Commission's responsibility, as fact finders, to resolve the conflicts and inconsistencies of the evidence as well as evaluate the credibility of the witnesses. We cannot say that the Commission's finding is unsupported by any substantial evidence.

Affirmed.