CURTIS MATHES OF ARKANSAS, Inc. and
NORTHWESTERN NATIONAL INSURANCE
GROUP *v.* Angie SUMMERVILLE and LIBERTY
MUTUAL INSURANCE Company

73-248                                              507 S.W. 2d 108

## Opinion delivered April 1, 1974

*Laser, Sharp, Haley, Young & Boswell, P.A.,* for appellants.

*Eubanks, Files & Hurley* and *Wright, Lindsey & Jennings,* for appellees.

CONLEY BYRD, Justice. The Workmen's Compensation Commission found that appellee Angie Summerville was permanently partially disabled in the amount of 25% to the whole body as a result of her accident on February 2, 1971. The circuit court affirmed. For reversal appellants, Curtis Mathes of Arkansas, Inc. and Northwestern National Insurance Group, contend:

"I. The Commission erred in not holding appellee, Liberty Mutual, liable for the entire award.

II. The Commission erred in refusing to equally prorate the award between the two insurance carriers.

III. There is no substantial evidence to support the Commission's finding of a twenty-five per cent permanent partial disability."

POINT I & II. The record shows that Mrs. Summerville received an injury on July 1, 1970, from which she did not

return to work until November 30, 1970. She continued to perform light work until February 1, 1971. On February 2, 1971, she sustained another injury while attempting to keep a stack of boards from falling on her. Liberty Mutual Insurance Company was the compensation carrier at the time of the July 1970 injury. Northwestern National Insurance Group was the compensation carrier at the time of the February 1971 injury.

All of the doctors agree that Mrs. Summerville's principal difficulties arise from coccygodynia or inflammation of the tailbone. Dr. Joe K. Lester examined Mrs. Summerville following her July 1970 injury and again following her February 1971 injury. He stated that about 50% of the coccygodynia cases were related to trauma and about 50% were developmental. He found evidence of coccygodynia following the July 1970 injury. It was his opinion that Mrs. Summerville's coccygodynia was caused by neither the July 1970 nor the February 1971 injury.

Dr. Harold H. Chakales examined and treated Mrs. Summerville following the February 1971 injury. When he considered the fact that Mrs. Summerville returned to work following the July 1970 injury and worked from November 30th to February 2nd and that she was thereafter unable to work because of pain, he was of the opinion that the February 2nd injury either caused the coccygodynia condition or aggravated it.

When we consider the evidence in the light most favorable to the findings of the commission as we must do on appeal, we are unable to say that there is no substantial evidence to support the finding of the Commission that the February 1971 injury was a separate and distinct injury rather than a recurrence of the condition caused by the July 1970 injury.

POINT III. We cannot say that there is no substantial evidence to support the Commission's finding that Mrs. Summerville received a permanent partial disability of 25% to the whole body. The doctors admitted that coccygodynia is painful and Dr. Chakales not only found objective symptoms but stated that the pain could be so severe that one could be unable to work. Mrs. Summerville testified that the pain was

so severe that she could not work, and that the pain also interfered with relations with her husband. Her husband testified that she could not do her housework, she could not drive a car and that sex relations were not normal following the February 2nd injury.

Affirmed.