Ruby TURNER, Widow of James A. TURNER, Deceased Employee, *v.* LAMBERT CONSTRUCTION COMPANY and J. B. LAMBERT & SON, Employer, LIBERTY MUTURAL INSURANCE CO., Insurance Carrier

75-45                                      524 S.W. 2d 465

Opinion delivered June 23, 1975

*Schieffler, Yates & Porter* and *Niblock, Hipp & Odom,* for appellant.

*Douglas Anderson,* for appellees.

JOHN A. FOGLEMAN, Justice. This appeal from the judgment of the circuit court affirming the denial of compensation to appellant, the widow of James A. Turner, actually turns entirely upon fact issues resolved against her by the Workmen's Compensation Commission. The only issue before the commission was whether the myocardial infarction causing Turner's death arose out of and in the course of his employment. The only issue before the circuit court was

whether there was substantial evidence to support the commission's action. There was medical testimony to support the views of both parties on causation.

The first point for reversal is that the circuit judge erred in denying appellant's request for oral argument on her appeal to that court. Appellant argues that it was an abuse of discretion to deny the oral argument, saying that Rule 6 of the Uniform Rules for Circuit and Chancery Courts requires the court to allow oral argument if either party desires it. We do not so interpret the rule. It reads:

> a. When the Circuit Court learns that an appeal from the Workmen's Compensation Commission is on the docket the Court will determine if all parties to the appeal are represented by an attorney of record. If a party is not represented by an attorney of record, or if the Court thinks it otherwise desirable, the matter will be set for oral hearing.

> b. If all parties to the appeal are represented by an attorney of record the Court will request advice from said attorneys as to whether they desire the matter to be decided upon the record and any briefs in the file, or whether they wish to be heard orally or by briefs, or both; but if no response is had from such attorneys within 10 days the Court will proceed to study the case and announce a decision.

As we interpret this rule, subsection b only requires that the circuit court ascertain the desires of both parties if both are represented by counsel, before deciding whether they should be heard orally. Subsections a and b must be read together. When they are, it seems quite clear that the appeal is to be heard on oral argument when the parties are represented by counsel only if the court thinks it desirable. If it does not think so, the case will be decided upon the record and any briefs included in it. This affords the court the broadest possible latitude of discretion in the matter. Not only do we find that the parties are not entitled to oral argument on appeal to the circuit court as a matter of right, we certainly could not say that the circuit court abused its dis-

cretion in this regard in this case. The facts as to Turner's habits and conduct, the requirements of his employment, his activities on the day he suffered the fatal heart attack, his medical history and the probabilities and possibilities relative to causation were fully developed in testimony adduced before the referee and additional testimony presented to the commission. The transcript on file in the circuit court contains extensive briefs submitted to the commission. The circuit judge was justified in feeling that oral argument would serve no useful purpose but that it would unduly and unjustifiably consume judicial time.

Appellant's second point for reversal is her contention that there was no substantial evidence to support the judgment of the circuit court. This contention is presented from that view of the evidence most favorable to her. This is not the perspective from which we must view evidence in these cases. We must view it most favorably to the findings of the commission whether they be for claimant or the employer. See *Curtis Mathes of Arkansas, Inc.* v. *Summerville*, 256 Ark. 340, 507 S.W. 2d 108; *Sneed* v. *Colson Corporation*, 254 Ark. 1048, 497 S.W. 2d 673; *Tigue* v. *Caddo Minerals Company*, 253 Ark. 1140, 491 S.W. 2d 574. We must affirm unless there was no substantial evidence to support the commission's finding on causation. *Mounts* v. *Bechtel Corporation*, 256 Ark. 318, 507 S.W. 2d 99. No useful purpose would be served, however, by any extensive review of the evidence, as we agree with the circuit judge.

Turner had to exert himself physically in the performance of his duties as a farm foreman for J. B. Lambert, Sr. and J. B. Lambert, Jr. over a period of about three years. He had previously been employed by Lambert Construction Company for about seven years. On the day of Turner's death, he was taken by J. B. Lambert, Jr. from the fields where planting operations were in progress under Turner's supervision. Lambert testified that this was done because he discovered that Turner had been drinking beer, in spite of the fact that Turner had previously been discharged for drinking and reinstated upon the condition that he not drink while on the job. J. B. Lambert, Sr., to whose home Turner was taken, testified that Turner was intoxicated. According to these witnesses, Turner was then discharged for violating the condition upon which he was reinstated.

There is conflict in the evidence as to the actual time of day these events took place, but it is clear that Turner was in town and at his home much earlier than normal during planting season. His fatal attack took place at about 4:30 or 5:00 p.m. at his home after he had commenced mowing his lawn. When found, he had fallen to the ground beside his lawnmower and turned blue. A neighbor could find only a faint heartbeat. Turner was taken to the hospital and pronounced dead.

There was evidence which, if accepted by the commission, would have supported an award. The medical testimony was in irreconcilable conflict. This presented a fact question to be resolved by the commission. *Gordon* v. *J. A. Hadley Construction Co.*, 256 Ark. 577, 509 S.W. 2d 287. The commission recognized the qualifications and credentials of the physician who most strongly supported the claimant's position had been severely attacked. Other physicians supporting her contentions admitted that there was an element of speculation in arriving at a conclusion that Turner's employment caused his death or merely stated that it could have, or that it could have predisposed him to a myocardial infarction.

Turner had been a cigarette smoker for many years. There seems to be little doubt that Turner had arteriosclerosis and that it was likely he would eventually suffer a coronary occlusion, which would result in a myocardial infarction. That his exertion in mowing the lawn could have been a substantial contributing factor is virtually undisputed. It also seems to have been conceded that excessive smoking and use of alcohol are factors contributing to heart disease which make one more susceptible to myocardial infarction. The physician who pronounced Turner dead upon his arrival at the hospital stated the cause of death as acute myocardial infarction, saying that the word "acute" meant that it had occurred suddenly. It was his opinion that Turner had suffered a sudden massive explosive-type heart attack, which results from exertion in the immediate past. He expressed the opinion that the myocardial infarction and sudden death were precipitated by the exertion with the lawn mower on a hot day. He considered Turner's age, sex and smoking as predisposing factors which, together with this exertion caus-

ed the attack. Another doctor expressed the opinion that the exertion just prior to Turner's death was the cause of the heart attack and that his employment had nothing to do with his death.

The commission found that the claimant had failed to prove by a preponderance of the evidence that the decedent suffered an injury arising out of and in the course of his employment resulting in his heart attack and death. The evidence to support this conclusion was substantial. Since we cannot say that the evidence was so nearly undisputed that fairminded men could not have arrived at a finding adverse to the claimant (*Franks* v. *Amoco Chemical Co.*, 253 Ark. 120, 484 S.W. 2d 689)

the judgment is affirmed.