Billie L. TAYLOR *v.* B. J. McADAMS
and COMMERCIAL UNION INSURANCE CO.

CA 80-196                                    606 S.W. 2d 141
Court of Appeals of Arkansas
Opinion delivered October 15, 1980

*Michael Redden* and *Chales Grethen*, Purcell, Oklahoma, by: *Michael Redden*, for appellant.

*Thurman & Capps, Ltd.*, by: *Paul D. Capps*, for appellees.

ERNIE E. WRIGHT, Chief Judge. Appellant sought an award for total disability and related benefits under the Workers' Compensation Statutes, and his claim was controverted by appellees. He appeals from the decision of the

Workers' Compensation Commission denying the claim on the ground appellant failed to meet the burden of proof establishing the claim as compensable.

The sole issue on appeal is whether there is substantial evidence to support the decision of the Commission. In essence the Commission found the evidence failed to establish appellant's myocardial infarction, which occurred in the course of appellant's work for Appellee McAdams, was caused by or precipitated by an accidental injury in the course of work.

Appellant suffered a heart attack while driving a truck in the State of Pennsylvania hauling freight for Appellee McAdams. Appellant owned the truck and was paid on a trip-lease basis a sum to cover the equipment and compensation for appellant and an alternate driver. The cargo was to be transported from Pennsylvania to the West Coast. Shortly before the heart attack appellant had stopped the truck and he and his relief driver drained some fuel from the trailer tank and transferred it to the truck engine tank. The weather at the time was several degrees below zero. The heart symptoms developed a few miles after appellant resumed driving. He was hospitalized for a time promptly after the heart attack, and has been readmitted to the hospital for his heart condition some four additional times. Appellant is apparently permanently and totally disabled as a result of his heart condition.

The heart of the issue is whether there is a causal relationship between appellant's work for Appellee McAdams and the myocardial infarction. This is a question of fact to be decided on the basis of the evidence. The Commission found a causal relationship was not established. On review, the question is whether there is any substantial evidence to support the finding of the Commission, and if so, we affirm. In reviewing the evidence we consider it in the light most favorable to the finding of the Commission, whether the finding favors the claimant or employer. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W. 2d 360 (1979).

The evidence shows appellant and an alternate driver

had driven his truck from the West Coast to Pennsylvania via New Jersey. This was not pursuant to any contract or employment with Appellee McAdams. He picked up a load of chemicals for appellee at Landover, Pennsylvania on the morning of January 7, 1977, for the purpose of hauling same to the West Coast.

The heart attack occurred a little more than an hour after appellant and alternate driver left Landover. Appellant did not do the loading of the truck. When asked in what way he felt the trip-lease work for McAdams contributed to or cause the heart attack, the appellant answered:

Well, I honestly can't answer that. A heart attack just comes at the time it's supposed to come. I don't know. My health had been good, I had been sleeping and all that. So I really don't know how to answer that.

Dr. Honick, claimant's treating physician, upon being asked if he could say with a reasonable degree of medical certainty what precipitated the myocardial infarction, answered as follows:

The primary cause of the myocardial infarction is due to coronary heart disease. However, no one can definitely prove or disprove possible aggravating factors.

When Dr. Honick in a hypothetical question, which assumed the facts in evidence as to what appellant was doing prior to and at the time of the heart attack, was asked if he could give an opinion based on a reasonable degree of medical certainty as to the possible cause of the mycardial infarction, answered as follows:

I think the cause was coronary artery disease, but I cannot say that any of the mentioned factors definitely was the precipitating event that led to the myocardial infarction.*** We cannot rule them out, but I don't feel that we can say that these factors caused the infarction.

Dr. Honick further stated the heart condition could have

been aggravated but he could not say the work factors were the probable cause.

The evidence did not disclose any trauma or unusual physical stress suffered by appellant during the brief course of work for Appellee McAdams on January 7, 1977.

There was in evidence a report by Dr. Siegel stating:

*** The hard hours driving probably did have a precipitating effect upon the myocardial infarction. This, of course, is supposition. Coronary artery disease is not caused by hard work, although stress can help accelerate the disease.

It was the prerogative of the Commission to weigh the evidence, and after considering all of the evidence in the record we are persuaded there is substantial evidence to support the finding of the Commission that the claim was not established as compensable on the ground causation linking the heart attack to work for Appellee McAdams was not established by a preponderance of the evidence. *Franks* v. *Amoco Chemical Company*, 253 Ark. 120, 484 S.W. 2d 689 (1972).