ARKANSAS DEPARTMENT OF HUMAN SERVICES,
Division of Social Services *v.* Nevader SIMES

83-189                                      661 S.W.2d 378

Supreme Court of Arkansas
Opinion delivered December 12, 1983

*Carolyn Parham,* for appellant.

*Mike J. Etoch, Jr.,* for appellee.

JOHN I. PURTLE, Justice. Appellant denied appellee's
claim for benefits for the medically needy. The circuit court

reviewed and reversed, thereby declaring appellee qualified for benefits. Appellant argues on appeal that there was substantial evidence to support the department's decision. We do not agree with this argument.

On January 8, 1982, the appellee applied for medical benefits for the medically needy. She alleged she was indigent and suffered from ailments which prevented her from doing any substantially gainful work and that such disability had lasted or would last for at least twelve months. The appellee presented the statements of two doctors that she was not able to engage in any substantial, gainful employment and that her condition would continue for at least twelve months. She also presented the oral testimony of herself and her husband. Appellee testified she could not stay up for more than an hour and a half. She was taking at least three different drugs and recently had undergone surgery on both wrists to remove tumors, which had reappeared at the time of the hearing. Among her ailments the appellee identified goiter, tumors on both wrists and her side, anemia, rheumatoid arthritis and ankylosis of the joints. The examining physicians were of the opinion her condition was degenerative and that she should avoid standing, reaching, stooping, pushing, kneeling, pulling and lifting.

On the other hand, the evidence included a statement from a physician that appellee was basically in good health, drove a car when necessary and took care of herself and her disabled husband.

Her claim was denied on the same day it was received. The Fair Hearing Committee agreed with this result as did the medical review team. The trial court held the decision to deny benefits to appellee was not supported by substantial evidence.

The claim in this case is based upon federal law and the Ark. Dept. of Human Services Medical Services Manual, § 3320 (1) (c), which in critical part reads:

*Disabled* — Physical or mental impairment which prevents the individual from doing any *substantially*

*gainful work* (for a child under age 18, an impairment of comparable severity) *and* which has lasted or is expected to last for at least 12 months or is expected to result in death.

Ark. Stat. Ann. § 5-713 (h) (5) (Repl. 1976), a part of the Administrative Procedure Act, provides that a court may reverse the decision of an agency if there is no substantial evidence in the record to support its decision. *Williams* v. *Scott,* 278 Ark. 453, 647 S.W.2d 115 (1983). On appeal we give the evidence its strongest probative force in favor of the administrative agency. *Franks* v. *Amoco Chemical Co.,* 253 Ark. 120, 484 S.W.2d 689 (1972). In the present case the agency did not present any current evidence of a substantial nature to indicate appellee was able to perform gainful work. On the other hand the appellee presented two physicians' reports at the June 17, 1982 fair hearing stating she was unable to engage in gainful employment. The reports were not mere conclusions but were supported by detailed findings. The diagnoses included: anemia, anxiety, generalized rheumatoid arthritis and ankylosis. Other evidence revealed the tumors on her wrists and side, thyroid disease, and need for surgery. There was no medical evidence to refute the statements of appellee and her doctors. The evidence in this case is so persuasively supportive of appellee's claim for disability that fair minded persons could not reach any other finding. *Franks* v. *Amoco Chemical Co., supra.*

The burden was upon appellee to establish her claim. We think she did so to such an extent that reasonable people could not conclude otherwise. The trial court used the proper standard of review in its decision. There was not substantial evidence to support the agency's finding. We, therefore, affirm the holding of the trial court.

Affirmed.