Ms. Joycelyn Elders, M.D., Director Arkansas Department of Health 4815 West Markham Street Little Rock, Arkansas 72205
Dear Dr. Elders:
This is in response to your request for an opinion concerning the practice and licensure of lay midwifery. You have asked the following specific questions in this regard:
 (1) The Health Department requires that the physician providing emergency backup to a licensed lay midwife be licensed by the Arkansas State Medical Board. Is this a correct interpretation of the Regulations Governing the Practice of Lay Midwives?
 (2) Does Section 4 of Act 481 of 1987 [A.C.A. 17-85-101, et seq.] require the Health Department to license any midwife who does not already have a lay midwife license issued under Act 838 of 1983, without first meeting the licensing requirements as outlined in Regulations Governing the Practice of Lay Midwives?
The State Board of Health has the authority under Arkansas Code of 1987 Annotated 17-85-107 (Supp. 1987) to promulgate rules and regulations pertaining to the practice and licensure of lay midwives throughout the State. Pursuant to that authority, the Health Department has promulgated the "Regulations Governing Lay Midwife Practice." Provision 208 of the Regulations provides that the practice of lay midwifery be under the direction of a physician and states in pertinent part:
 PRACTICE UNDER THE DIRECTION OF A PHYSICIAN: The licensed lay midwife may perform only those medical acts and procedures which have been specifically authorized in the midwife — physician agreement. These acts may be performed by said midwife outside the presence of a physician, however a physician who has agreed to accept referral from the lay midwife must be located within a 50 mile radius of the planned delivery site to ensure that medical assistance is available in the event of an emergency. This physician is referred to as the `back up' physician. (Emphasis in original.)
Provision 202 of the Regulations defines physician as "a person who is currently licensed by the Arkansas State [Medical Board] to practice medicine or surgery." Thus, in response to your first question, the Health Department has correctly interpreted the Regulations.
Your second question involves Section 4 of Act 481 of 1987 which states:
 Any person who has been licensed or is presently licensed as a lay midwife under Act 838 of 1983, as well as any person who has met eligibility for licensure with the exception of county of practice, shall be entitled to licensure under this Act.
Section 4 of Act 481 is clear in stating that licensure under Act 481 will be extended to those who were licensed under Act 838 of 1983 and to those who met the licensure requirements, except for the fact that they were not practicing in the specified counties. See Section 2 of Act 838 of 1983. Section 4 of Act 481 of 1987 does not extend licensure to those who have not demonstrated compliance with the licensure requirements of the 1983 Act.
It should also be noted that the Health Department's interpretation in this regard will be accorded great deference by a court. The Arkansas Supreme Court recently stated the following in the case of Arkansas Contractors Licensing Board v. Butler Construction, Inc. of Barling, Arkansas, Op. No. 87-333 (April 18, 1988):
 The interpretation of a statute by an administrative agency, while not conclusive, is highly persuasive. Public Service Commission v. Allied Telephone Co., 274 Ark. 478, 625 S.W.2d 515
(1981). A court may not substitute its judgment for that of the administrative agency unless the decision of the agency is arbitrary and capricious. Green v. Carder, 282 Ark. 239, 667 S.W.2d 660 (1984). The construction of a statute by an administrative agency should not be overturned unless it is clearly wrong. Moore v. Tillman, 170 Ark. 895, 282 S.W.2d 9
(1926). A court may not reverse a decision of an administrative agency if there is any substantial evidence to support its decision. Williams v. Scott, 278 Ark. 453, 647 S.W.2d 115 (1983); Arkansas Department of Human Services v. Sims, 281 Ark. 81, 661 S.W.2d 378 (1983).
It is therefore my opinion, in response to your second question, that in order to obtain a license pursuant to Section 4 of Act 481 of 1987, one must either be licensed under Act 838 of 1983 or have satisfied licensure requirements promulgated thereunder.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.