VOLUNTEER COUNCIL, Arkadelphia Human Development Center, Inc. *v.* GOVERNMENT BONDING BOARD, State of Arkansas

94-897                            894 S.W.2d 580

Supreme Court of Arkansas
Opinion delivered March 6, 1995

*William F. Sherman*, for appellant.

*Winston Bryant*, Att'y Gen., by: *John D. Harris*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. This appeal seeks to reverse a decision of the Governmental Bonding Board which denied the appellant's claim under the Fidelity Bond Program, Ark. Code Ann. §§ 21-2-701 – 21-2-711 (Supp. 1993) (Act 728 of 1987). We hold there has been no loss on the part of a participating governmental entity and affirm the decision of the Governmental Bonding Board.

Appellant Volunteer Council, Arkadelphia Human Development Center, Inc. (the Volunteer Council) is a non-profit organization formed to benefit the residents and staff of the Arkadelphia Human Development Center (AHDC). Doctor Russ Burbank, the former Superintendent of the AHDC, also served as a member of the Volunteer Council. In 1992, he was charged with theft of funds from the Volunteer Council. Doctor Burbank pled guilty to the theft charges, and, as part of his punishment, he was ordered to pay restitution in the amount of $65,847.98. In actuality, the amount of unaccounted for funds totaled $71,911.11.

The Volunteer Council filed a claim with the Governmental Bonding Board (the Board) seeking $71,911.11. After a hearing, the Board denied the appellant's claim. In its written order, the Board announced the following conclusions of law: (1) there is no substantial evidence that the Volunteer Council is a state governmental entity as defined in Section 2 of Act 728 of 1987; (2) there is substantial evidence that the conduct of Doctor Burbank in taking the $71,911.11 was tortious and criminal; and (3) there is substantial evidence that Doctor Burbank held the $71,911.11 personally and that such funds were not held by a participating entity of Act 728 of 1987 of any kind. Further, the Board announced the following relevant findings of fact: (1) the Arkadelphia Human Development Center (Center) is a state government entity; (2) the Volunteer Council is a non-profit organization formed to benefit clients and staff of the Center; (3) The Volunteer Council is not an organizational part of the Center; (4) the Volunteer Council is not a state governmental entity; (5) As superintendent of the Center, Doctor Russ Burbank was a member of the Volunteer Council; . . . (9) the funds of the Volunteer Council were kept separate from the funds of the Center; and (10) the funds of the Volunteer Council that were taken by Doctor Russ Burbank were held by him personally.

On September 2, 1993, the appellant filed a petition for judicial review in Pulaski County Circuit Court pursuant to the Administrative Procedure Act, Ark. Code Ann. § 25-15-212 (1992). The appellant alleged the Board's decision was based upon an erroneous interpretation of Act 728, the Board failed to apply the law that a principal is liable for the tortious acts of its employees conducted in the scope of employment, the decision was not supported by substantial evidence in the record, and the decision was arbitrary and characterized by abuse of discretion.

The circuit court affirmed the Board's decision denying the appellant's claim. The court found there was substantial evidence that the Volunteer Council is not a state governmental entity as defined in Section 2 of Act 728 and the funds were not held by a participating entity as defined in Act 728. On appeal, the Volunteer Council contends: (1) the state should be held responsible for the losses from conversion of Volunteer Council assets by the state's agent; (2) the state is liable under Act 728 because the AHDC, through its highest official, "held" the Volunteer

Council assets; and (3) the decision of the Government Bonding Board denying the Volunteer Council claim was not supported by substantial evidence.

■■ When reviewing administrative decisions, we review the entire record to determine whether there is any substantial evidence to support the administrative agency's decision, whether there is arbitrary and capricious action, or whether the action is characterized by abuse of discretion. *Wright* v. *Arkansas State Plant Bd.*, 311 Ark. 125, 842 S.W.2d 42 (1992). To determine whether a decision is supported by substantial evidence, we review the whole record to ascertain if it is supported by relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* On appeal, we give the evidence its strongest probative force in favor of the administrative agency. *Ark. Dept. of Human Services* v. *Simes*, 281 Ark. 81, 661 S.W.2d 378 (1983).

■ The Volunteer Council filed a claim with the Governmental Bonding Board; therefore, the appellant's only basis for reimbursement from the Board is through the Fidelity Bond Program. Arkansas Code Ann. § 21-2-701, Purpose, provides in part:

> It is found and determined that the State of Arkansas and the counties, municipalities, and school districts of the State of Arkansas are expending large sums of money each year for premiums on blanket bonds for officers and employees; . . .

In accordance, Ark. Code Ann. § 21-2-704 provides in part:

> (a) There is established a self-insured Fidelity Bond Program for state officials and employees, county officials and employees, municipal officials and employees, and school district officials and employees, as defined in § 21-2-702, to be administered by the Governmental Bonding Board.
>
> (b) The fidelity bond coverage provided by the self-insured *Fidelity Bond Program shall cover actual losses sustained by the participating governmental entities* as defined in § 21-2-702 through any fraudulent or dishonest act or acts committed by any of the officials or employees, . . .

. . .

(d)  The fidelity bond coverage provided by the self-insured Fidelity Bond Program *shall not cover losses sustained by the participating governmental entities as a result of*:

(1)  Liability imposed upon or assumed by the participating governmental entities to exonerate or indemnify an official or employee from or against liability incurred by the official or employee in the performance of duties; or

(2)  Damages for which the participating governmental entity is legally liable as a result of:

(A)  The deprivation or violation of the civil rights of any person by an official or employee; or

(B)  *The tortious conduct of an official or employee, except conversion of property of other parties held by the participating governmental entity in any capacity*; . . .

. . .

(e)  *Fidelity bond coverage shall not cover losses sustained by any party other than the participating governmental entities.*

(Emphasis supplied.) In sum, the Fidelity Bond Program is designed to cover losses sustained by participating governmental entities. However, section 21-2-704(d) provides the bond coverage shall not cover losses *sustained by the participating governmental entities* due to the tortious conduct of an employee except conversion of property of other parties held by the participating governmental entity in any capacity.

It is undisputed that the AHDC is a governmental entity and that Dr. Burbank's conduct was tortious and criminal. It is also undisputed that the Volunteer Council is a non-profit organization formed to benefit the residents and staff of the AHDC and it is not a governmental entity as contemplated by § 21-2-704. Although the Volunteer Council raises several points on appeal, the appellant is principally contending the converted funds were

in fact "held" by a participating governmental entity, AHDC. The appellant relies upon the exception found in section 21-2-704(d)(2)(B) for the "conversion of property of other parties held by the participating governmental entity in any capacity." The Volunteer Council contends it is the "other party" and the converted funds were "held" by AHDC through its agent, Doctor Burbank.

We hold the Fidelity Bond Program covers only losses sustained by a participating governmental entity. Section 21-2-704(b) provides "[t]he fidelity bond coverage provided by the self-insured Fidelity Bond Program shall cover actual *losses sustained by the participating governmental entities* . . ." (Emphasis supplied.) Section 21-2-704(e) provides "Fidelity bond coverage shall not cover losses sustained by any party other than the participating governmental entities." Further, § 21-2-709(a) provides in part: "If the board determines that the loss is covered under the Fidelity Bond Program, the Insurance Commission shall authorize fidelity bond loss payments from the fund to the participating governmental entity on a timely basis."

Finally, we note that § 21-2-704(d), which the appellant bases its claim upon, refers to "losses sustained by the participating governmental entities." Subsection (d) provides the fidelity bond coverage shall not cover losses sustained by *the participating governmental entities* as a result of tortious conduct except conversion of property of other parties. The subsection does not provide that fidelity bond coverage shall cover losses sustained by the other party. Rather, the exception provides the fidelity bond coverage shall cover losses of the participating governmental entity under such circumstances.

The Volunteer Council is not a governmental entity as contemplated by § 21-2-704. Consequently, the Volunteer Council is not entitled to reimbursement through the self-insured Fidelity Bond Program.

Affirmed.