ARKANSAS CONTRACTORS LICENSING BOARD *v.*
BUTLER CONSTRUCTION CO., Inc. of Barling,
Arkansas

87-333                                    748 S.W.2d 129

Supreme Court of Arkansas
Opinion delivered April 18, 1988

224

*Steve Clark*, Att'y Gen., by: *Rick D. Hogan*, Asst. Att'y Gen., for appellant.

*Davidson, Horne, & Hollingsworth, A Professional Association*, by: *Cyril Hollingsworth* for amicus curiae Arkansas Chapter of the Associated General Contractors of America, Inc.

*Walters Law Firm*, by: *Bill Walters*, for appellee.

STEELE HAYS, Justice. The issue is whether appellee Butler Construction Co., Inc. was required by law to have a contractor's license before constructing a dental clinic for Dr. Robert Ward. The Arkansas Contractors Licensing Board, after a hearing, determined that Butler had undertaken to erect the clinic without a contractor's license, in violation of Act 150 of 1965, codified as Ark. Code Ann. §§ 17-22-101 et seq. (1987) [Ark. Stat. Ann. §§

71-701 et seq. (Supp. 1985)]. Butler was fined $2,960 and enjoined from performing any work in excess of $20,000 prior to being licensed as a contractor. Butler appealed to circuit court, where the Board was reversed upon findings that 1) because Butler received less than $20,000 for his supervision of the construction he was not subject to the act, 2) the Board's Exhibit No. 5 was hearsay and should not have been considered, and 3) a witness for the Board was not sworn before testifying. The Board has appealed the order of the circuit court. We reverse.

## I

The Board unanimously found that Butler was acting as a contractor within the meaning of Ark. Code Ann. § 17-22-101 (1987). That section defines a contractor as any person (including a corporation) who, for a fixed fee, undertakes to construct any building or other improvement (except single family residences), when the cost of the work to be done is $20,000 or more, including labor and materials. On appeal the circuit judge noted that Butler was to receive $15,000 for supervising the work and hence was not a contractor within the meaning of the act. That was clearly error.

When a decision of an administrative agency is appealed, a number of general rules of appellate review apply: the evidence is given its strongest probative force in favor of the ruling of the administrative agency. *Arkansas Department of Human Services* v. *Simes*, 281 Ark. 81, 661 S.W.2d 378 (1983); *Franks* v. *Ammoco Chemical Co.*, 253 Ark. 120, 484 S.W.2d 689 (1972). The interpretation of a statute by an administrative agency, while not conclusive, is highly persuasive. *Public Service Commission* v. *Allied Telephone Co.*, 274 Ark. 478, 625 S.W.2d 515 (1981). A court may not substitute its judgment for that of the administrative agency unless the decision of the agency is arbitrary and capricious. *Green* v. *Carder*, 282 Ark. 239, 667 S.W.2d 660 (1984). The construction of a statute by an administrative agency should not be overturned unless it is clearly wrong. *Moore* v. *Tillman*, 170 Ark. 895, 282 S.W. 9 (1926). A court may not reverse a decision of an administrative agency if there is any substantial evidence to support its decision. *Williams* v. *Scott*, 278 Ark. 453, 647 S.W.2d 115 (1983); *Arkansas Department of Human Services* v. *Sims*, 281 Ark. 81, 661 S.W.2d 378 (1983).

■ The decision of the Contractors Licensing Board was, we believe, entirely consistent with the legislative intent behind Act 150. The figure of $20,000 used in the act, rather than being intended to apply simply to the fee or commission received by the contractor, is meant to apply to the cost of the project, including labor and materials. If the overall cost of the project equals or exceeds $20,000, a license is required under the Act. This, essentially, was our holding in *Bird* v. *Pan Western Corp.*, 261 Ark. 56, 546 S.W.2d 417 (1977). Any other interpretation would sorely cripple the objective of this legislation. The building permit for this clinic authorized construction costing an estimated $125,000. The four bids submitted ranged from a low of $148,932.24 (Butler's bid) to a high of $182,231.00. It is true that Mr. Butler testified that he submitted a bid simply as a courtesy to Dr. Ward, that he was merely to supervise the work and receive $15,000, irrespective of the bids. However, it is undisputed that this clinic was to cost in the range of $125,000 by Butler's own estimate and there was evidence, though disputed, that it could cost as much as $148,000. Butler urges that he was working for a fixed fee, that he furnished no labor or materials, other than one employee, that all other labor and materials came directly from subcontractors. However, the Board unanimously rejected that concept of the arrangement and the contract itself between Dr. Ward and Butler effectively refutes that theory of the agreement in that Butler agreed to be responsible for obtaining all material and supplies and to provide all services in connection with the construction so as to provide the owner with a turnkey completion of the clinic.

II

■ Over Butler's objection, a bid tabulation form was introduced which reflected four bids. Butler's bid of $148,932.24 was low and Schriver & Son Construction Company's bid of $182,231 was high. It appears the hearing examiner declared the exhibit inadmissible on grounds of hearsay, yet permitted it to become part of the record and the Board, Butler contends, considered it in reaching its decision. Even so, this was not a sufficient basis for reversal of the decision of the Board. The bid tabulation had little bearing on the outcome of the case, as the facts are not in any real dispute. The entire theory of appellee's

defense is based on a question of law. The only relevance of the bid tabulation was the amount of Butler's "bid" of $148,000. But the cost of the project, whether $125,000 or $148,000, is immaterial to Butler's defense, which is that irrespective of the overall cost, Butler's fee was less than $20,000. The rules of evidence applicable to administrative proceedings are more relaxed, *Evans* v. *Arkansas Racing Commission*, 270 Ark. 788, 606 S.W.2d 578 (1980); *Fisher* v. *Branscum*, 243 Ark. 516, 420 S.W.2d 882 (1967). Besides, Butler testified to this same information without objection, hence, the bid tabulation was merely cumulative of other identical evidence.

## III

Another reason for the circuit court's reversal of the Board was that a witness for the Board, Mr. Bill Mullinax, was not sworn before testifying. Granted, the record does not reflect either Mr. Mullinax or Mr. Butler being sworn before giving testimony at the hearing. There is no contention the witnesses were not sworn, only that the record does not affirmatively indicate that they were. Just how this became an issue before the circuit court is not clear; it is clear, however, that no one objected to Mr. Mullinax testifying without first being sworn and the omission, if it occurred, may not be raised on appeal unless it was preserved at the administrative hearing. *Arkansas Cemetery Board* v. *Memorial Properties, Inc.*, 272 Ark. 172, 616 S.W.2d 713 (1981). *Hennesey* v. *S.E.C.*, 285 F.2d 511 (3d Cir. 1960); *Unemployment Commission* v. *Aragon*, 329 U.S. 143 (1946).

Reversed and remanded with directions to enter an order consistent with this opinion.