The Honorable Paul R. Bosson Prosecuting Attorney 501 Ouachita Avenue Hot Springs, AR 71901
Dear Mr. Bosson:
This is in response to your request for an opinion regarding A.C.A. 20-30-101 et seq., and certain Department of Health rules and regulations in this regard. You have asked whether privately owned condominiums, which are not rented, are subject to this statute in connection with the operation of swimming pools. You have also asked whether the Department of Health had the authority to promulgate its rule or regulation involving "semi private pools."
It is my opinion, in response to your first question, that the exemption for "private pools at single family residences" under A.C.A. 20-30-101(5) does not encompass condominium swimming pools. This conclusion is based upon an interpretation of the statute, in the absence of case law on point.
Section 20-30-103(3) authorizes the Department of Health to ". . . prescribe such rules and regulations governing the alteration, construction, sanitation, safety, and operation of public swimming pools as may be necessary to protect the health and safety of the public and to require every PUBLIC SWIMMING POOL to comply with these rules and regulations." [Emphasis added.] The term "public swimming pools" is defined as follows under A.C.A. 20-30-101(5):
 `Public swimming pools' means a structure of man-made materials located either indoors or outdoors, used for bathing or swimming together with building, appurtenances, and equipment used in connection therewith. Included are spa-type, wading, or special purpose pools or water recreation attractions including, but not limited to, those operated at camps, child care facilities, cities, clubs, subdivisions, apartment buildings, counties, institutions, schools, motels, hotels, and mobile home parks to which admission may be gained with or without payment of a fee. THIS DEFINITION SHALL NOT APPLY TO PRIVATE POOLS AT SINGLE FAMILY RESIDENCES. [Emphasis added.]
A condominium is, it seems, generally distinguishable from a "single family residence." Act 60 of the First Extraordinary Session of 1961 (A.C.A. 18-13-101 et seq.) provided for the introduction of the condominium system in Arkansas by the establishment of "horizontal property regimes." A.C.A. 18-13-103. The condominium concept is characterized primarily by exclusive ownership of individual units in multi-unit structures, (SEE BLACK'S LAW DICTIONARY, 267 (5th ed. 1979) definition of "condominiums" and 15 Ark.L.Rev. 430 (1961)), with a ". . . common right to share, with the other co-owners, in the common elements of the property." A.C.A. 18-13-112. Thus, while a condominium is characterized in part by private ownership of individual units, these units are not detached, but rather form part of a multi-unit structure. The emergency clause contained in 25 of the Horizontal Property Act, A.C.A. 18-13-101 et seq., SUPRA, illustrates the legislature's awareness of the general distinction between a condominium and a single family residence wherein it states:
 . . . there is an urgent need to make available housing and business locations to those persons in this State who live in areas where land costs make it impossible for them to acquire SINGLE FAMILY HOMES . . .; construction and development of housing . . . for such persons cannot be undertaken by private industry for lack of legislation enabling SINGLE UNITS IN MULTI-UNIT STRUCTURES to qualify for federally insured loans . . . [Emphasis added.]
The common right to share in the common elements of the property buttresses the distinction between a condominium pool and a private pool at a single-family residence.
It may therefore reasonably be concluded that the legislature did not intend to include condominiums within the exception under A.C.A. 20-30-101 relating to "single family residences." This conclusion is buttressed by the familiar presumption, under rules of statutory construction, that the legislature had knowledge of existing statutes and that reference was made thereto in its consideration of subject matter similar to that embraced in prior acts. SEE e.g., BOLDEN v. WATT, 290 Ark. 343, 710 S.W.2d 428
(1986); STIBLING v. U.S., 419 F.2d 1350 (8th Cir. 1969).
With regard to your second question involving the Department of Health ("Department") rules and regulations, it is my opinion that the Department had the authority to issue a rule which defines public swimming pools for purposes of 20-30-101 et seq. to include condominium pools. Indeed, the manner in which a statute has been construed by executive and administrative officers is to be given consideration and will not be disregarded unless clearly wrong. MORRIS v. TORCH CLUB, 278 Ark. 285, 645 S.W.2d 938 (1983); ARKANSAS CONTRACTORS LICENSING BD. v. BUTLER CONSTR. CO., 295 Ark. 223,748 S.W.2d 129 (1988).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.