The Honorable Stanley Russ State Senator P.O. Box 787 Conway, AR 72032
Dear Senator Russ:
This is in response to your opinion request wherein you pose the following inquiries in regard to Act 586 of 1989:
 1. Please clarify this statement in the second and third sentences — "______ granted leave at the rate of 15 days per calendar year plus necessary travel time for annual training requirements. If leave is not used in a calendar year, it will accumulate in the succeeding calendar year until it totals 15 days at the beginning of the calendar year." What does this last part mean?
 2. Always in the past, the National Guard and Reserve took their training time when students were not in school. Currently, one is taking it in May, which is a very crucial time to the public schools, as school is ending and we need all our people at their stations. Can I tell this administrator that I will not release him at this time and to find a time of training when students are out of school, which is June, July and August?
 3. The school year is defined as the period from July 1 to/incl. June 30. Can the calendar year referred to in Act 586 be the same as ours for our employees, or is the calendar year defined as January 1 to incl. December 31 under this act?
Act 586 of 1989 is codified at A.C.A. 21-4-212 and provides in pertinent part as follows:
Employees who are members of the National Guard or any of the reserve branches of the armed forces shall be granted leave at the rate of fifteen (15) days per calendar year, plus necessary travel time for annual training requirements. To the extent this leave is not used in a calendar year, it will accumulate for use in the succeeding calendar year until it totals fifteen (15) days at the beginning of a calendar year. The leave shall be granted without loss of pay and in addition to regular vacation time. Each employee who requests military leave shall furnish a copy of his orders for his personnel file.
This 1989 amendment to A.C.A. 21-4-212(a) increased to fifteen days the annual allotment of military leave granted to members of the National Guard or any of the reserve branches of the armed forces. The time period had been two weeks. Acts 1975, No. 567, 7. Additionally, the 1989 amendment added the present second sentence which refers to the accumulation of military leave for us in the succeeding calendar year.
Also pertinent to your first inquiry is an interpretation of Act 586 of 1989 by the Office of Personnel Management, Department of Finance and Administration, to wit:
 As quoted above, Act 586 states that employees who are members of the National Guard or any of the reserve branches of the Armed Forces shall be granted leave at the rate of fifteen (15) days per calendar year, plus necessary travel time for annual training requirements. Although Act 586 also state that unused leave "will accumulate for use in the succeeding calendar year until it totals fifteen (15) days at the beginning of a calendar year", this language would appear to have little effect when the maximum number of days that can be granted in any one calendar year is fifteen (15).
It is well established that the manner which a statute has long been interpreted by executive and administrative officers is to be given consideration and will not be disregarded unless clearly wrong. Morris v. Torch Club, 278 Ark. 285,645 S.W.2d 938 (1983). The interpretation of a statute by an administrative agency, while not conclusive, is highly persuasive. Ark. Contractors Licensing Bd. v. Butler,295 Ark. 223, 748 S.W.2d 129 (1988).
Based upon the foregoing, this office cannot say that the interpretation of Act 586 of 1989 by the Office of Personnel Management is unreasonable. Hence, this office must also conclude that Act 586 grants fifteen (15) days military leave to all members of the National Guard or reserve branches of the armed services and that the fifteen (15) day carryover provision is without effect since the maximum amount of leave which may be taken in any calendar year is fifteen (15) days. The only other possible interpretation would be that the employee would accumulate a total of thirty (30) days, i.e., fifteen (15) new days each year and fifteen (15) carryover days. The federal statute intends such and expressly states so:
 Not to exceed 30 calendar days in a fiscal year for Active Duty or Active Duty for Training (ADT) whether in a continuous tour or a combination of short periods. Under the current law, an eligible employee accrues 15 days military leave (part-time employees earn a prorated amount) each fiscal year, and the military leave (not to exceed 15 days) which is unused at the end of the fiscal year is carried forward for use in addition to the days which are credited at the beginning of the following fiscal year. This gives a full-time employee the potential of 30 days military leave during a fiscal year. Nonwork days occurring at the beginning or end of the training period are not charged as military leave. Employees must be in a pay status immediately before or immediately after the military service is performed.
Memorandum No. 05-30 — Attachment B.
While A.C.A. 21-4-212 makes no reference to the time when annual training is to take place, reference is made to the fact that "each employee who requests military leave shall furnish a copy of his orders for his personnel file." There is no limitation in the Act on when the leave may be taken. In response to your second question, as long as the orders require a member of the armed forces to attend annual training at some time during the school year, the employee must be allowed to follow military orders.
In response to your third question, it is the opinion of this office that the term calendar year refers to the time period January 1 to December 31.
The foregoing opinion, which I hereby approve, was prepared by First Assistant Attorney General C. Randy McNair III.
Sincerely,
STEVE CLARK Attorney General
SC:tlm