The Honorable John H. Dawson State Representative P.O. Box 336 Camden, AR 72701
Dear Representative Dawson:
This is in response to your request for an opinion concerning A.C.A. 22-3-1301 et seq. which mandates a preference for blind persons in connection with the operation of vending facilities on state property.
You have asked the following question in this regard:
 Are vocational technical schools, such as Pine Vocational Technical School, required to give preference to blind persons for operating vending facilities on their premises, or do they qualify for an exemption under Section 22-3-1302(1)?
It is my opinion that the exemption under A.C.A. 22-3-1302(1) does not extend to vocational-technical schools. The relevant portion of this Code section states:
This subchapter is not intended to cover the following vending facilities:
 (1) Vending facilities operated by universities and colleges or the vending facilities provided as an integral part of their services to students or as a training program for students.
A.C.A. 22-3-1302(1).
The phrase "universities and colleges" does not, in my opinion, generally encompass vocational-technical schools. A review of statutory provisions pertaining to vocational and technical schools reflects a general distinction between these schools and colleges and universities. See, e.g., A.C.A. 6-51-203(e) (Supp. 1989) (vocational-technical students who matriculate to institutions of higher education shall meet the same standards for college and university admission as defined in A.C.A. 6-61-110); A.C.A. 6-51-215 (the board of directors of any school district, county board of education, or board of trustees of any State school, college, or university may cooperate with the State Board of Vocational Education in the establishment of vocational schools . . .); A.C.A. 6-51-201 and — 202 (regarding vocational-technical and adult education schools "of less than college grade"; the establishment thereof and the receipt of federal funds therefor).
Nor, in my opinion, is there a general exemption for vending facilities where food preparation or cooking is done on state property. It has come to our attention that a question has been raised under 22-3-1301 wherein the term "[r]egular vending facility" is defined as:
 . . . a vending facility where food preparation or cooking is not done on state property.
A.C.A. 22-3-1301(8).
The term "regular vending facilities" appears under 22-3-1306 in connection with the licensing agency's obligation to "[p]rovide adequate initial inventory and stocks to make vending facilities operational and provide and install proper equipment and fixtures for all regular vending facilities." (Emphasis added.) The definition of "regular vending facility" under 22-3-1301(8) must therefore be referenced in construing 22-3-1306. It does not, however, form the basis for a separate exemption. The term "vending facility" is carried throughout the remainder of22-3-1301 et seq., thus triggering the applicability of that term as separately defined under 22-3-1301(2).
It should be noted, finally, with regard to the question of an exemption for vocational-technical schools, that the licensing agency (The Division of Services for the Blind, Department of Human Services) has historically construed 22-3-1301 et seq. as applying to vending facilities operated on the premises of such schools. This construction gains significance in light of the Arkansas Supreme Count's pronouncement that an administrative agency's long-standing interpretation of a statute under which it operates will be given some weight and will not be disregarded unless "clearly wrong." See Arkansas Contractors Licensing Bd. v. Butler, 295 Ark. 223, 748 S.W.2d 129 (1988); Morris v. Torch Club, 278 Ark. 285, 645 S.W.2d 938 (1983). I do not believe that a court would conclude in this instance that the agency's interpretation of 22-3-1302(1) is clearly wrong.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Ark. Code Ann. 22-3-1303(b) states: "The licensing agency [Division of Services for the Blind, Department of Human Service] shall give preference in the assignment of state vending facilities to blind persons in need of employment who have been licensed to operate vending facilities in Arkansas for the dispensing of such items as, but not limited to, newspapers, periodicals, confections, tobacco products, and articles, including food and beverages, as may be dispensed automatically or manually and in accordance with all applicable health laws."
[2] In accordance with A.C.A. 22-3-1301(2), "vending facility" means "a snack bar, cafeteria, restaurant, cafe, concession stand, vending service from coin-operated machines, vending stands, cart service, or other facilities at which food, drinks, novelties, newspapers, periodicals, confections, souvenirs, tobacco products, or related items are regularly sold."