The Honorable Bob Watts State Representative Route 1, Box 125 Harrison, Ar 72601
Dear Representative Watts:
This is in response to your request for an opinion regarding the taxability of services provided by an education service cooperative. You have enclosed a copy of correspondence that was directed to the Ozarks Unlimited Resources Cooperative ("Cooperative") by Revenue Legal Counsel, as well as a letter from the Cooperative to this office. You have asked, specifically, whether an education service cooperative is a charitable organization for purposes of exemption from the Arkansas gross receipts tax.
It is my opinion that Revenue Legal Counsel for the Arkansas Department of Finance and Administration correctly concluded that the Cooperative is not a "charitable organization" for purposes of A.C.A. 26-52-401 (Supp. 1989), which exempts from the Arkansas Gross Receipts Act of 1941 "[t]he gross receipts or gross proceeds derived from the sale of tangible personal property or service by charitable organizations, except where the organizations may be engaged in business for profit." A.C.A. 26-52-401(2) (Supp. 1989). Arkansas Gross Receipts Tax Regulation GR-37D(6) defines the term "charitable organization" as "an organization whose purpose is benevolent, philanthropic, patriotic or eleemosynary and whose function if performed, and not performed by a private party, would have to be performed at public expense."
An education service cooperative formed under A.C.A. 6-13-1001
et seq. does not, in my opinion, constitute a "charitable organization" as defined above. A tax exemption provision must, under established rules of construction, be strictly construed against exemption; and one claiming an exemption has the burden of establishing it beyond a reasonable doubt. Ragland v. Dumas, 292 Ark. 515, 732 S.W.2d 118 (1987). It must also be recognized in this instance that an administrative agency's interpretation, while not conclusive, is highly persuasive. Ark. Contractors Licensing Bd. v. Butler, 295 Ark. 223, 748 S.W.2d 129 (1988). These factors compel us to conclude that an education service cooperative cannot meet the burden of establishing tax exempt status under26-52-401(2) (Supp. 1989).
Of additional significance in this instance is the fact that the cooperative's activity in connection with the media repair and maintenance program reflects as its object "gain, profit, or advantage" for the member school districts. See A.C.A.26-52-103(a)(10) (Supp. 1989). The cooperative is clearly providing these services to the districts in an effort to reduce costs. The cooperative is, moreover, as a general matter formed for the purpose of assisting its member school districts in an effort to maximize educational resources and opportunities. See A.C.A. 6-13-1002. There is, additionally, clearly a "sale" under A.C.A. 26-52-301(3)(C) (Supp. 1989) pertaining to the service of cleaning and repairing electrical appliances and devices, television and radio, and office machines and equipment.[1]
It is therefore my opinion that the sales tax is applicable to the transactions involved in the media repair and maintenance program. Issues surrounding the advisability or merits of subjecting an education service cooperative to the tax are more appropriately addressed to the legislative forum.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
MARY B. STALLCUP Attorney General
MBS:arb
[1] The term "sale" includes the furnishing or rendering of such services as are made the subject matter of the sale tax imposed by the Gross Receipts Act. See A.C.A. 26-52-103
(Supp. 1989).