Mr. Michael T. Pyron, Chairman Appraiser Licensing Certification Board 324 Spring Street, Suite 215 Little Rock, AR 72201
Dear Mr. Pyron:
This is in response to your request for an opinion, on behalf of the Appraiser Licensing Certification Board, regarding the authority of the Board pursuant to the Appraiser Licensing and Certification Act, which is codified at A.C.A. §§ 17-51-101—306 (Repl. 1992). Your question is set out below:
 When an individual voluntarily elects to become a state licensed or certified appraiser and is rendering appraisal services in an area in which the appraiser is not required by law to be licensed (as noted in Section 17-51-104) does this Board have authority over that appraiser's actions?
It is my opinion that the answer to your question is "yes."
While you have inquired generally about individuals who perform appraisal services in an area in which they are not required to be licensed, it is my understanding that your request was initiated, in part, by an apparent misunderstanding concerning the extent of the Board's authority over the actions of county assessors who conduct property appraisals for ad valorem tax purposes. These assessors are required to complete an appropriate course of training offered by the Assessment Coordination Division of the Arkansas Public Service Commission in order to qualify to conduct such appraisals. See A.C.A. § 26-26-503
(Repl. 1992) and generally Potlatch Corp. v. Arkansas CitySchool Dist., 311 Ark. 145, S.W.2d (1992). In my opinion, these county assessors would fall under the exception to licensure set out at A.C.A. § 17-51-104(b)(1) for "state, county, or municipal public officers." So long as such county assessors are performing appraisal services within the scope of their employment as county officers, they are not, in my opinion, required to be licensed and are therefore not subject to the authority of the Board pursuant to the Act. When such officers perform appraisals outside the scope of their employment, however, they are subject to the licensure requirements of the Act. A.C.A. §17-51-104(b)(2)(B). Accordingly, if such assessors choose to become licensed in order to be qualified to perform appraisals outside the scope of their employment as county officers, the assessors would then be subject to the authority of the Board and the provisions of §§ 17-51-101—306.
The Appraiser Licensing and Certification Act makes it unlawful, with certain exceptions, for anyone to perform an appraisal or provide appraisal services without holding a license. A.C.A. §§ 17-51-302 and -303. The Board is granted power to discipline individuals licensed under the chapter, including the authority to suspend or revoke licenses and certificates and to enforce civil penalties. A.C.A. § 17-51-203(7). Additionally, the Board has implemented regulations pursuant to § 17-51-203. Through these regulations the Board has apparently interpreted the Appraiser Licensing and Certification Act as giving the Board authority over all persons licensed under the Act. Seegenerally Appraiser Licensing and Certification Board Regulation § I(D) (Board's authority to investigate complaints againse licensees and request them to appear and answer charges); § I(F) (Board's authority to require compliance with competency provisions of the Uniform Standards of Professional Appraisal Practice); §§ I(G) and (N) (Board's authority to require compliance with examination and education requirements); and § I(P) (Board's authority to discipline licensees for violations of the Appraiser Licensing Act and for certain other violations).
The interpretation of a statute by an administrative agency, while not conclusive, is highly persuasive. Ark. ContractorsLicensing Board v. Butler, 295 Ark. 223, 748 S.W.2d 129 (1988). The Arkansas Board has apparently interpreted the Act as giving the Board authority over all persons licensed under the Act. Regulatory boards of other states have taken a similar approach and interpreted their appraiser licensing statutes as including all licensees within the regulatory authority of the boards.See generally Ala. Code § 34-27A-3; Ill. Ann. Stat. ch 225, para. 455/36.21; Mo. Rev. Stat. § 339.532; and N.C. Gen. Stat. § 93A-76.
Accordingly, it is my opinion that the Board's authority extends to all licensees under the Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh