The Honorable Travis A. Miles State Senator P.O. Box 2108 Fort Smith, AR 72902-2108
Dear Senator Miles:
This is in response to your request for an opinion regarding the contractor's licensing law (A.C.A. §§ 17-22-101—315 (Repl. 1992)). Your specific question is as follows:
 Is a license required of the painting subcontractor, when the face value of the contract is less than $20,000?
You state that this question is asked with regard to a situation where the labor is provided by the subcontractor for $18,000, and the materials are furnished by the general contractor at a cost of $10,000. You state that the Contractor's Licensing Board ("Board") is including the cost of the materials, even if they are furnished by the general contractor, in determining whether the subcontractor must be licensed. You express your belief that the amount of the contract itself is the determining factor.
This question was addressed, with respect to a subcontract to install carpet, in Attorney General Opinion 88-141 (copy enclosed). A similar hypothetical situation was posed, wherein a carpet layer agrees to install $15,000 worth of carpet, furnished by the general contractor, for a contract price of $7,000. See
Opinion 88-141 at 4-5. It was concluded that the carpet layer must be licensed because ". . . the cost of his subcontracting `project,' not just his compensation (according toButler[1]) exceeds $20,000."
Id. at 5. The opinion reasoned that the criteria for the $20,000 limitation under A.C.A. § 17-22-101, as applied to subcontractors, means the overall cost of the subcontractor's area of responsibility on the project. Id. at 3. Thus, the fact that the general contractor furnished the carpet was not dispositive.
I am in agreement that the amount of the subcontractor's compensation for his labor is not the determinative factor. The term "contractor" is defined under § 17-22-101 as follows:
 As used in this chapter, unless the context otherwise requires, "contractor" means any person, firm, partnership, copartnership, association, corporation, or other organization, or any combination thereof, who, for a fixed price, commission, fee, or wage, attempts to or submits a bid to construct, or contracts or undertakes to construct, or assumes charge, in a supervisory capacity or otherwise, or manages the construction, erection, alteration, or repair, or has or have constructed, erected, altered, or repaired, under his, their, or its direction, any building, apartment, condominium, highway, sewer, utility, grading, or any other improvement or structure on public or private property for lease, rent, resale, public access, or similar purpose, except single-family residences, when the cost of the work to be done, or done, in the State of Arkansas by the contractor, including, but not limited to, labor and materials, is twenty thousand dollars ($20,000) or more. However, when a person or entity acts as a contractor in the construction, erection, alteration, or repair of his own or its own property, such action shall not result in the person or entity being deemed a contractor under this chapter.
A.C.A. § 17-22-101(a) (Repl. 1992).
The Arkansas Supreme Court in Butler, supra, rejected the contention that because the amount of the contractor's fixed fee for supervising the project was less than $20,000, and because the contractor did not furnish the materials, a license was not required. The court stated:
 The figure of $20,000 used in the act, rather than being intended to apply simply to the fee or commission received by the contractor, is meant to apply to the cost of the project, including labor and materials. . . . Any other interpretation would sorely cripple the objective of this legislation.
295 Ark. at 226.
It is therefore my opinion that the Board has reasonably interpreted § 17-22-101(a), consistent with Butler, as requiring licensure of a subcontractor where the cost of the subcontracting project, including labor and materials, is $20,000 or more, notwithstanding the fact that the materials are furnished by the general contractor.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh Enclosure
[1] Arkansas Contractors Licensing Board v. Butler,295 Ark. 223, 748 S.W.2d 129 (1988).