The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, AR 75502
Dear Senator Dowd:
This is in response to your request for an opinion regarding the Arkansas Farm Mediation Act ("the act"), which is codified at A.C.A. 2-7-101 et seq. (Cum. Supp. 1993). The six questions that you have posed focus mainly on application of the act in connection with non-judicial, or so-called "self-help" repossession and foreclosure of security interests in agricultural property. Your specific questions are as follows:
 1. Are `actions' and `proceedings' interchangeable?
 2. Is a creditor required to give the notice of mediation to a farmer before the creditor can proceed with self-help repossession remedies under its contract and under the Arkansas Uniform Commercial Code?
 3. Does the Arkansas Mediation Act supersede the provisions of the Arkansas Uniform Commercial Code and prohibit self-help repossession until such time as the mediation notice has been sent to the farmer and a release obtained from the Arkansas Farmer/Creditor Mediation Program?
 4. What are the penalties for failing to abide by the Arkansas Mediation Act?
 5. Does a non-judicial repossession and foreclosure without compliance with the act void the foreclosure, or subject the creditor to any claim for damages?
 6. Are the farmer's rights under the Arkansas Farm Mediation Act substantive or procedural (i.e., would the failure to follow the notice requirements under the statute allow the farmer to file a plea in abatement or raise those rights as an affirmative defense in any legal action, or risk being waived)?
In response to your first question, I am reluctant to conclude that these terms are interchangeable given the simple fact that they do not appear to be used interchangeably in the act. As you note, the question arises because while "action" is defined (A.C.A. 2-7-102(1)), the operative provisions also make reference to a "proceeding." See A.C.A. 2-7-302, -303, and -310. This prompts the suggestion that the actual reach of the act is broader than implied by the definitional section, in terms of what options a creditor can pursue without first resorting to the mediation process. Section 2-7-302 states:
 In connection with a secured indebtedness of twenty thousand dollars ($20,000) or more, no proceeding against a farmer shall be commenced to foreclose a mortgage on agricultural property, to terminate a contract for deed to purchase agricultural property, to repossess or foreclose a security interest in agricultural property, to set off or seize an account, moneys, or other asset which is agricultural property, or to enforce any judgment against agricultural property, unless the creditor has first obtained a release as provided in this chapter; except that an action for attachment or replevin may be commenced without first obtaining a release in those cases provided for under 16-110-101(1)(A) (vi) — (viii) or 18-60-807.
According to Black's Law Dictionary (5th ed. 1979), the term "proceeding" may be used synonymously with "action." Black's at 1083. Black's states that the term "proceeding" "in a general sense" is "the form and manner of conducting judicial business before a court or judicial officer." Id.
It must also be recognized, however, that in accordance with established rules of statutory construction, legislative enactments are to be construed so that no word is void, superfluous or insignificant. Locke v. Cook, 245 Ark. 787,434 S.W.2d 598 (1968). Every word must be given meaning and effect, if possible. Id.
The confusion generated by use of both the term "proceeding" and "action" is thus apparent. Further contributing to the uncertainty is the reference in the disjunctive to any "proceeding" or "action" in 2-7-303 and -310. Subsection (b)(5) of 2-7-303 states, with regard to the form and content of the creditor's notice, that it must contain "[a] description of the proceeding the creditor intends to commence or continue or the action the creditor intends to take." (Emphasis added.) Section 2-7-310(b) states that a release is effective "as to any proceeding commenced or continued or any action taken one (1) year or less after its date of issuance," but not as to "any proceeding commenced or action taken" more than one year after issuance. (Emphasis added.)
While the ambiguity may ultimately require resort to the courts, or legislative clarification, it is my opinion that these terms are in all likelihood not used interchangeably in the act. Although other references in the act to "the collection action" (2-7-306(1)(D)) and "the court action" (2-7-308(b)(5)) clearly add to the element of uncertainty, it must be remembered that the term "proceeding" will not be construed so as to be rendered superfluous. The conclusion that these terms are interchangeable would, in my opinion, yield such a result.
It is my opinion that the answer to your second question regarding notice prior to self-help repossession is probably "yes," although the act is somewhat unclear in this regard. This question requires a determination regarding the actual impact of the act's reference to both an "action" (defined) and "proceeding" (not defined). Following the above-cited rule requiring that each word be given effect, it may reasonably be contended that the term "proceeding" is broad enough to encompass self-help repossession. It should perhaps be noted in this regard that in establishing the right to take possession of collateral, the Arkansas Uniform Commercial Code states that a secured party "may proceed without judicial process if this can be done without breach of the peace or may proceed by action." A.C.A. 4-9-503 (Repl. 1991). The U.C.C. thus clearly envisions a creditor proceeding either judicially or nonjudicially in an effort to obtain possession of property subject to a security interest. It is presumed that the General Assembly had knowledge of this legislation when it enacted the Farm Mediation Act. See generally Bolden v. Watt,290 Ark. 343, 710 S.W.2d 428 (1986). The use of the term "proceeding" in the act may thus gain added significance when considering the options available to a creditor under the U.C.C. or, presumably, its contract.
While it is therefore my opinion that notice is probably required prior to commencing with self-help repossession, it should be noted that the rules and regulations promulgated under the act may provide a basis for a contrary argument. Rule number 5 states that "[u]pon default, prior to taking any `action,' as defined in Act 829 Section 2-1, . . . the creditor shall serve upon the debtor a completed Notice of the Right to Request Mandatory Mediation. . . ." This language may reflect the administrative agency's view that the act is limited to requiring notice prior to a court action. The Arkansas Supreme Court has stated that an agency's interpretation of a statute, while not conclusive, is "highly persuasive." Ark. Contractors Licensing Board v. Butler, 295 Ark. 223, 748 S.W.2d 129 (1988). I am uncertain, however, whether the rule in question would be accepted as clearly reflecting this interpretation. This uncertainty, coupled with the act's several references to both "proceeding" and "action," prevents me from concluding that self-help repossession is outside the reach of the act.
In response to your third question concerning the Arkansas U.C.C., see the above discussion. While a conclusive answer is impossible, given the act's ambiguity and the absence of judicial precedent on the issue, I believe that notice and a release are likely required before proceeding with self-help repossession.
In response to your fourth question, the act does not impose any penalties for failure to comply.
Your fifth question also focuses on the effect of noncompliance. As stated above, there are no penalties specified under the act. Failure to comply would, it seems, in the context of a nonjudicial proceeding, require some separate action to avoid the foreclosure. I cannot, in the context of an opinion, speculate as to the possible claims that might be raised in such an action.
With regard to your final question involving waiver, Rule 8 of the Arkansas Rules of Civil Procedure (1993 ed.) states under section (c) that "[i]n responding to a complaint, counterclaim, cross-claim or third party claim, a party shall set forth affirmatively . . . any other matter [in addition to those listed] constituting an avoidance or affirmative defense." Mediation would, it seems, fall under this Rule as a "matter constituting an avoidance or affirmative defense." It is therefore my opinion that waiver may result if the act is not raised in response.
As a final matter, it must be noted in reviewing these responses that while the Attorney General is required to provide his opinion on certain matters to members of the General Assembly and various state officials (see A.C.A.25-16-706 (Repl. 1992)), he is prohibited from engaging in the private practice of law. A.C.A. 25-16-701 (Repl. 1992). Therefore, this opinion is not provided as advice to private third parties, and should not be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh