The Honorable Jimmie Don McKissack State Representative 3418 Highway 65 South Pine Bluff, AR 71601
Dear Representative McKissack:
This is in response to your request for an opinion on the following questions concerning the Arkansas Deferred Retirement Option Plan ("DROP") for fire fighters and police officers:
 1. Does the Board Rule #10 adopted by the Arkansas Fire and Police Pension Review Board follow the intent of the law? House Bill 1624 and Act 1004 of 1993?
 2. Are firemen and police considered to be retired after signing the deferred retirement plan?
 3. Do they lose all benefits that they gain the last five years of service on their pension?
It is my opinion that the answer to your first question is "yes." I do not perceive a conflict between Board Rule 10 and the statute. Board Rule 10 reflects the Pension Review Board's interpretation of Act 1004 of 1993 [A.C.A. § 24-11-830 (Supp. 1993)], pertaining to fire fighters, and Act 757 of 1993 [A.C.A. § 24-11-434 (Supp. 1993)], pertaining to police officers.[1] The rule, in my opinion, reflects a reasonable construction of this law. The Arkansas Fire and Police Pension Review Board's rulemaking authority is set forth in A.C.A. §24-11-203 (Repl. 1992), wherein it states under subsection (j)(1) that the Board "shall have the power to make all rules and regulations necessary to enforce the laws governing funding standards and benefit levels. . . ." It must be noted in this regard that an administrative agency's interpretation of a statute, while not conclusive, is highly persuasive. SeeRamsey v. Department of Human Services, 301 Ark. 284,783 S.W.2d 361 (1990); Arkansas Contractors Licensing Bd. v.Butler, 295 Ark. 223, 748 S.W.2d 129 (1988). Rule 10 would, in my opinion, likely withstand scrutiny under this analysis.
In response to your second question, I cannot provide a conclusive answer in the absence of a specific context for the inquiry. As a general matter, neither the acts establishing the deferred retirement plan nor Board Rule 10 states that those participating in the plan are to be treated for all purposes as though they "retired" when they elected to participate in DROP. As noted in Attorney General Opinion 94-094 (copy enclosed), the member has not yet terminated employment and is not receiving a monthly retirement benefit. Thus, in response to the specific question in that instance, it was concluded that the member who elects to begin participating in DROP has not "retired" for purposes of the benefits limitation under A.C.A. §24-11-820(b)(5), which applies to "any retired fire fighter." As initially stated, however, the specific basis for the question should be considered.
With regard to your third and final question involving "benefits" gained during the DROP period, I assume you are referring to any salary increases during the DROP period, as well as the extra service during that time. Board Rule 10 is clear in stating that the monthly retirement benefit is calculated at the date the member elects to participate in DROP. See Rule 10, Sec. 8.C. The benefit does not change with salary increases or extra service. Id. This is based, presumably, upon subsection (e)(1) of §§ 24-11-434 (police) and 24-11-830 (fire), which states that "[t]he member's monthly retirement benefit shall not change, unless the plan receives a benefit increase." As reflected in Rule 10, the Board has construed this provision as referring to both the benefit that is paid into the DROP account during the DROP period (subsection (d) of §§ 24-11-434 and24-11-830), and the benefit that would have been paid had the member elected a service retirement instead of enrolling in DROP.
Thus, the answer to your specific question is "yes" with regard to benefits that would otherwise have been gained due to the extra service or any salary increases during the DROP period. It is my opinion that this result reasonably follows from an interpretation of the statutes. The plan, by its title and plain terms, defers the receipt of benefits. The term "defer" means "[d]elay; put off; . . . postpone to a future time. . . ."Black's Law Dictionary 379 (5th ed. 1979). Subsection (c) of §§24-11-434 and 34-11-830 refers to the "member's accrued monthly retirement benefit. . . ." (Emphasis added.) "Accrued compensation" and "accrued income" are defined in Black's to mean amounts that are "due" or "earned" but not yet "paid" or "payable." Black's at 20. Thus, under DROP, the member's accrued monthly benefit, i.e., the benefit the member has earned and is eligible to receive when he elects to participate in the plan, is deferred until he terminates employment and concludes his participation in DROP. It reasonably follows that the monthly benefit is calculated at the date the member, who is eligible at that point to receive a service retirement pension, elects to participate in DROP and thereby defer receiving the accrued benefit.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The substantive provisions of these acts are identical.