The Honorable M. Dee Bennett, Ph.D. State Representative P.O. Box 17033 North Little Rock, AR 72117
Dear Representative Bennett:
This is in response to your request for an opinion regarding the applicability of A.C.A. § 27-65-129 to a particular employee with the Arkansas State Highway and Transportation Department ("AHTD" or "Department"). You state that Mr. Allen C. Loring is a sign shop supervisor with AHTD, and that he is also an Alderman for the City of Wrightsville, Arkansas. You state further that according to your understanding, the chief legal counsel for AHTD has requested that Mr. Loring resign one of these positions, based upon a conflict of interest under § 27-65-129.
It is my opinion that if challenged, the decision of AHTD regarding the applicability of § 27-65-129 to this situation would likely be upheld.[1] Subsection (b) of § 27-65-129, which sets forth the oath required of all AHTD employees, provides as follows:
 (b) All employees of the commission shall take the following oath before assuming the duties of their employment:
 "I do solemnly swear (or affirm) that so long as I am an employee of the State Highway Commission of the State of Arkansas or of the Arkansas State Highway and Transportation Department, I will give my entire and undivided time to the work of the department, and that I will not accept other employment while in the employ of the department, nor will I be interested, either directly or indirectly, in any of the contracts, work, or other activity of the Arkansas State Highway and Transportation Department other than as employee of the department, nor in the purchase or sale of any material, machinery, or equipment bought for or sold by the department while an employee of the department; that I will not be interested otherwise than as an employee of the state in adding any road to the state highway system or in the improving of any road by the Arkansas State Highway and Transportation Department, nor in the appointment of any person to any position in connection therewith; and that I will diligently and impartially execute the duties of my employment, and I will never use any information or influence that I may have, by reason of my employment, to gain any pecuniary reward for myself, directly or indirectly, nor will I disclose information so that it may be used by others, so help me God."
As reflected in the AHTD personnel policies under "Oath of Office," the Department has determined that holding a city or county public office is contrary to this oath. There are no reported Arkansas cases construing A.C.A. § 27-65-129. The Department interprets it as preventing city or county office-holding by virtue of the fact that the employee in that position will necessarily be interested in work or other activity of the AHTD. It must be noted in this regard that the agency interpretation, while not conclusive, is highly persuasive. See generally ArkansasContractors Licensing Board v. Butler, 295 Ark. 223, 748 S.W.2d 129
(1988). Additionally, the manner in which a statute has long been interpreted by administrative officers is to be given consideration and will not be disregarded unless clearly wrong. See Morris v. Torch Club,278 Ark. 285, 645 S.W.2d 938 (1983).
I cannot conclude that AHTD is clearly wrong in its interpretation of §27-65-129. In addition to this interpretation, I believe a court might be persuaded by the argument that service as a city alderman prevents the employee from giving his "entire and undivided time to the work of the department," contrary as well to § 27-65-129(b).
In conclusion, therefore, in the absence of a judicial determination otherwise, it is my opinion that a conflict does likely exist in this situation under § 27-65-129.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I lack sufficient information to determine whether the federal Hatch Act is also applicable in this instance. This federal law, which is codified as 5 U.S.C.A. § 1501 et seq., provides that a state or local officer or employee covered by the act may not be a candidate for elective office. Id. at § 1502(a)(3). The act applies to individuals whose principal employment by a state or local agency is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a federal agency (unless the individual exercises no functions in connection with that activity, in which case the act does not apply). Id. at § 1501(4). Non-partisan races and candidates for those races are exempted from the Hatch Act. Id. at § 1503.